UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ,
*née* Blanco Rosell,

    Plaintiff,

v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

**THIS CAUSE** is before the Court upon Defendant Seaboard Marine, Ltd.'s ("Defendant") Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, ECF No. [93] ("Motion"), filed on January 18, 2022.[1] Plaintiff Odette Blanco de Fernandez ("Plaintiff") filed an Opposition to Defendant's Motion to Dismiss, ECF No. [108] ("Response"), to which Defendant filed a Reply, ECF No. [113] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.[2]

---

[1] Defendant filed its Motion with redactions and later filed an unredacted version under seal, ECF No. [96].

[2] Also pending before the Court is Defendant's related Expedited Motion for Extension of Dispositive Motion and Pre-trial Stipulation Deadlines and Continuance of Trial Date, ECF No. [110] ("Expedited Motion"), filed on February 3, 2022. Specifically, Defendant maintains that good cause exists for a "30-day extension of the deadline for pre-trial motions and a corresponding continuance of the trial date and extension of the pre-trial stipulation deadline" because its "pending motion to dismiss challenges the Court's subject matter jurisdiction, and that should be resolved before the [p]arties incur substantial expense briefing summary judgment motions, *Daubert* motions, and motions *in limine*." *Id.* at 1 (italics added). Plaintiff opposes the Expedited Motion. *See* ECF No. [111]; *see also* ECF No. [115].

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

On December 20, 2020, Plaintiff initiated this action against Defendant to recover damages under 22 U.S.C. § 6021, *et seq.* (the "LIBERTAD Act" or "Title III"). *See* ECF No. [1]; *see also* ECF No. [45] ("Amended Complaint"). According to the Amended Complaint, Plaintiff and her four siblings (collectively, "Blanco Rosell Siblings") owned various corporations and assets in Cuba that were confiscated by the Cuban Government in 1960. *See* ECF No. [45] ¶¶ 4, 14, 66-73 ("Confiscated Property"). Plaintiff, the estates of the four Blanco Rosell Siblings ("Estates"), and the descendants of the four Blanco Rosell Siblings ("Inheritors") all sought to hold Defendant liable under Title III for "trafficking" in the Confiscated Property. *See* 22 U.S.C. § 6082(a)(1)(A).

On March 16, 2021, Defendant filed a Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. [52] ("Initial Motion"), arguing that dismissal is warranted because the Amended Complaint fails to allege that: (1) Defendant trafficked in the Confiscated Property; (2) Defendant "knowingly and intentionally" trafficked in the Confiscated Property; and (3) the Estates and Inheritors have an actionable ownership interest in the Confiscated Property. *See generally id.* Thereafter, the Court entered an Order, ECF No. [66], granting in part and denying in part the Initial Motion, permitting only Plaintiff's claim against Defendant to proceed.

Defendant now seeks dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiff lacks standing to bring a Title III claim. *See generally* ECF No. [93]. Specifically, Defendant contends that "[a]lthough [Plaintiff] *pleads* that she owned Confiscated Property—Maritima Mariel and Azucarera Mariel and, therefore property owned by Maritima Mariel and Azucarera Mariel, Am. Compl. ¶¶ 4, 16-20, 98, 100-101, 106—there is no evidence that she ever had an ownership interest in either company." ECF No. [93] at 5 (emphasis in original). Thus, "[w]ithout *evidence* that she had an ownership interest in either Maritima Mariel or Azucarera Mariel, [Plaintiff] cannot satisfy her burden of showing that she suffered an injury in

2

fact that would give rise to standing under Article III." *Id.* at 6 (emphasis in original). In support of its position, Defendant maintains that "[d]iscovery—including [Plaintiff's] deposition testimony and her failure to produce any documents evidencing the ownership interest she has alleged—shows that [the] allegations [regarding Plaintiff's ownership interest in the Confiscated Property] are without basis and are unsupported by any evidence." *Id.* at 9.

Plaintiff opposes the Motion raising four overarching arguments. *See generally* ECF No. [108]. First, in presenting a factual challenge to subject matter jurisdiction that implicates an element of Plaintiff's cause of action, Defendant incorrectly claims that "Plaintiff 'must demonstrate subject matter jurisdiction through evidence' now rather than in the ordinary course, after discovery is completed." *Id.* at 5 (citation omitted). Second, "Plaintiff produced over 2,000 documents in discovery" and "several of those documents identify Plaintiff's ownership interests in the Cuban Companies[.]" *Id.* at 11. Third, "[i]n response to [Defendant's] contention interrogatories, Plaintiff identified her ownership interests in the Cuban Companies in detail, including details contained in documents Plaintiff has produced to [Defendant]." *Id.* at 9. Finally, Defendant mischaracterizes the deposition testimony of Plaintiff, "a 92-year-old woman communicating in part through an interpreter and attempting to recall corporate formalities from over 60 years ago." *Id.* at 16.

A Rule 12(b)(1) motion challenging a district court's subject matter jurisdiction takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the

other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

The instant Motion involves a factual attack based on matters outside the pleadings. *See* ECF No. [93]. The Eleventh Circuit Court of Appeals has instructed that "[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action," the court may then:

> proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citing *Lawrence*, 919 F.2d at 1529 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977))). Conversely, if a jurisdictional challenge also implicates an element of plaintiff's cause of action, then:

> The proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case. . . . Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place great restrictions on the district court's discretion. . . . [A]s a general rule a claim cannot be dismissed for lack of subject matter jurisdiction because of the absence of a federal cause of

> action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.

*Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981) (alteration adopted)).

Applying those principles, the Motion must be denied as premature. The instant challenge to subject matter jurisdiction presents not only a question of fact, but is also indisputably related to the merits of Plaintiff's Title III claim. *See* 22 U.S.C. § 6082(a)(1)(A) ("[A]ny person, that after the end of the 3-month period beginning on the effective date of this subchapter, traffics in property which was confiscated by the Cuban Government on or after January 1, 1959, shall be liable to any United States national who owns the claim to such property[.]"). Indeed, the crux of Defendant's position is that "[b]ecause [Plaintiff] cannot show an ownership interest in the Confiscated Property, she cannot satisfy the 'injury in fact' requirement for standing, and this Court should dismiss for lack of subject matter jurisdiction." ECF No. [93] at 13.

Importantly, the parties do not dispute that, on its face, the Amended Complaint asserts a plausible basis for subject matter jurisdiction under Article III. *See* ECF No. [93] at 9. The Court accepts Plaintiff's allegations that she has an ownership interest in the Confiscated Property and thus suffered an injury in fact and concludes that Plaintiff is entitled to further develop the necessary facts underpinning her Title III claim through discovery. In this context, "[t]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia*, 104 F.3d at 1261 (citations omitted); *see also Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 733 (11th Cir. 1982) ("Where the jurisdictional issues are intertwined with the substantive merits, 'the jurisdictional issues should be referred to the merits, for it is impossible to decide one without the other.'" (citation omitted)). This procedure permits the Court to address Defendant's "challenge in the proper manner: after

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

discovery and with the protections of either a trial or review on summary judgment." *Douglas v. United States*, 814 F.3d 1268, 1275 (11th Cir. 2016); *see also Snook v. Tr. Co. of Georgia Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) ("Summary Judgment should not, therefore, ordinarily be granted before discovery has been completed." (quoting *Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979))).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF No. [93]**, is **DENIED WITHOUT PREJUDICE**. Defendant may reassert its arguments regarding Plaintiff's ownership interest in the Confiscated Property after the close of discovery and on a motion for summary judgment.

2. The Expedited Motion, **ECF No. [110]**, is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record