UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

    Plaintiff,

v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

**DEFENDANT SEABOARD MARINE, LTD.'S NOTICE OF DISCOVERY HEARING**

Defendant Seaboard Marine, Ltd. ("Seaboard Marine") hereby provides this notice regarding the hearing scheduled for February 24, 2022, at 3:30 p.m. concerning two discovery disputes, which hearing was coordinated with counsel for Plaintiff Odette Blanco de Fernandez on Friday, February 11, 2022. Seaboard Marine seeks resolution of the following disputes involving Plaintiff Odette Blanco de Fernandez's errata sheets relating to her December 17, 2021 deposition and certain Rule 45 subpoenas for deposition duces tecum served by Plaintiff upon non-parties.

**Issue No. 1:** **The Court Should Strike Plaintiff's Errata Sheet and Amended Errata Sheet Relating to Her December 17, 2021, Deposition.**

Plaintiff's counsel noticed the deposition of Plaintiff to preserve her testimony for trial. (Ex. A, M. White Oct. 8, 2021 E-Mail.) Seaboard Marine agreed to the sequence proposed—that Plaintiff's counsel would first take Plaintiff's deposition and Seaboard Marine would take Plaintiff's deposition later that same week. (Ex. B, R. Brochin Oct. 12, 2021 E-Mail.) Plaintiff's counsel took Plaintiff's deposition on December 14, 2021, (*see* Ex. C, Notice of Dec. 14

1

Deposition) and Seaboard Marine took Plaintiff's deposition on December 17, 2021, (*see* Ex. D, Notice of Dec. 17 Deposition).

Plaintiff's claim under Title III of the Helms-Burton Act is predicated on having ownership of a claim to the Cuban companies Maritima Mariel S.A. and Azucarera Mariel S.A. (*See* ECF No. 45 ¶¶ 67, 71, 74.) Plaintiff testified at her December 17, 2021 deposition that she never owned or was a shareholder in Maritima Mariel, S.A., and that she does not recall who did own Maritima Mariel S.A. (Ex E, Dec. 17, 2021 Dep. Tr. of Plf., at 124:21–22; 125:3–10.) Plaintiff offered similar testimony regarding Azucarera Mariel S.A., including that she does not know whether she or anyone in her family had an ownership interest in Azucarera Mariel S.A. (*Id.* 81:12–15). Plaintiff testified that she was unable to recall whether she ever owned any shares of stock in *any* Cuban corporation. (*Id.* at 82:21–22.)[1]

On January 18, 2022 Seaboard Marine filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that Plaintiff could offer no evidence—her own testimony included—to show that she held the ownership interests in the "Confiscated Property" alleged in the Amended Complaint and, as a result, could not establish the "injury in fact" requirement for standing. (ECF No. 93, the "Motion to Dismiss".)

On the night of January 18—after Seaboard Marine filed its Motion to Dismiss and more than a month after Plaintiff's second deposition—counsel for Plaintiff wrote to counsel for

---

[1]   After the conclusion of questioning by Seaboard Marine's counsel, rather than question the witness, Plaintiff counsel stated: "I'm going to reserve my questions." (Ex. E, Dec. 17, 2021 Dep. Tr. of Plaintiff, at 179:13–14.) Without raising the issue during questioning by Seaboard Marine, Plaintiff's counsel claimed that Plaintiff was exhausted and had been subjected to "harassing" questions. (*Id.* at 181:11–14.) Seaboard Marine's counsel suggested that Plaintiff could take a break to rest before Plaintiff's counsel's questioning or alternatively return the following day to complete Plaintiff's counsel's questioning, which offers Plaintiff's counsel declined. (*Id.* 181:8–10, 182:8–183:7.)

Seaboard Marine, stating, "[f]urther to Seaboard Marine's deposition of Ms. Fernandez, we would like to do our examination of Ms. Fernandez on January 26 at 2:30 pm." (Ex. F, M. White Jan. 18 E-Mail.) Seaboard Marine did not consent to a *third* deposition of Plaintiff. (Ex. G, R. Brochin Jan. 19 E-Mail.) On January 24, Plaintiff's counsel filed a Notice of Hearing (ECF No. 99), scheduling a discovery hearing for January 28, 2022, which included the issue of Plaintiff's "request[] to resume" Plaintiff's deposition. (Ex. H, M. White Jan. 21 E-Mail.)

On January 27—more than a week after Seaboard Marine filed its Motion to Dismiss, but before the deadline for Plaintiff to respond—counsel for Plaintiff served an errata sheet for the December 17 deposition of Plaintiff, and advised Seaboard Marine that Plaintiff would, "[p]ursuant to Plaintiff's errata [s]heet," be treating the December 17 deposition as "concluded." (Ex. I, M. White Jan. 27 E-Mail); (ECF No. 108-8) (the "Jan. 27 Errata Sheet").) That evening, the night before the January 28 discovery hearing noticed by Plaintiff, Plaintiff's counsel advised that it was withdrawing its "request[] to resume" Plaintiff's deposition as an issue for the discovery hearing. Plaintiff's counsel requested that Seaboard Marine amend its pending Motion to Dismiss in light of the errata changes; Seaboard Marine declined. (Ex. J, M. Papkin Jan. 27 E-Mail.)

The Jan. 27 Errata Sheet materially altered Plaintiff's testimony, including, for example, Plaintiff's testimony that she did not know who owned Maritima Mariel S.A. or Azucarera Mariel S.A. and that she was never a shareholder in Maritima Mariel S.A. (*See* ECF No. 108-8 at 3-4.) Seaboard Marine relied upon that and related testimony in its Motion to Dismiss to support its argument that Plaintiff is unable to offer competent, credible evidence establishing the ownership interests she claimed to have held. (*See* ECF No. 113 at 7-8.) The Jan. 27 Errata Sheet also violated Federal Rule of Civil Procedure 30(e)(1)(B) by failing to identify any reason for any of the changes to Plaintiff's testimony. (ECF No. 108-8); Fed. R. Civ. P. 30(e)(1)(B) (providing that,

3

"if there are changes in form or substance" to a deponent's deposition testimony, the deponent must "sign a statement listing the changes and the reasons for making them.").

On February 8, 2022—the deadline for Seaboard Marine's reply in support of its Motion to Dismiss—Plaintiff served and filed an "amended" errata sheet relating to the December 17 deposition. (ECF No. 112, the "Feb. 8 Errata Sheet".)  The Feb. 8 Errata Sheet was untimely under Rule 30, which requires any changes to deposition testimony be stated, explained, and signed by the deponent within "30 days after being notified . . . that the transcript or recording is available . . . ." Fed. R. Civ. P. 30(e)(1)(B).[2]  The reason listed for nearly all of the changes to Plaintiff's testimony is: "Clarifying testimony to be in line with my other testimony and the other documents in the case."  (ECF No. 112 at 5–10.)

Seaboard Marine requests that the Court strike the Feb. 8 Errata Sheet and the Jan. 27 Errata Sheet because they are improper attempts to materially change Plaintiff's testimony for the purpose of avoiding dismissal.

**Issue No. 2:   Seaboard Marine Seeks a Protective Order Regarding the Subpoenas for Deposition Duces Tecum Served on Non-Parties.**

On February 17, 2022, Plaintiff provided notice to Seaboard Marine of its intent to serve subpoenas for documents and testimony to non-parties David Dannov, Ralph Moss, and Donald Retreage.  (Ex. L, E. Byrne Feb. 17 E-Mail and enclosed deposition notices and subpoenas.)  None of these individuals is an employee of Seaboard Marine and none appears to have had any involvement in Seaboard Marine's transportation of shipping containers to the Port of Mariel in

---

[2]   According to Plaintiff's counsel, "the court reporter notified Plaintiff's counsel that the transcript was available and provided a copy of the transcript" to Plaintiff's counsel "[o]n December 28, 2021," more than 30 days before the Feb. 8 Errata Sheet was served.  (Ex. K, M. White Feb. 8 Letter to R. Brochin.)

4

Cuba—the sole alleged basis for Plaintiff's claim under Title III of the Helms-Burton Act. (ECF No. 45.)

The categories of documents Plaintiff seeks from these non-parties in advance of their depositions consist of communications and documents with or relating to a host of individuals in Africa and Middle East and entities with no conceivable relevance to the claims or defenses in this litigation. (*See* Ex. L at 9, 17, 25.)

In a separate Helms-Burton action against Seaboard Corporation (the parent company of Seaboard Marine), pending in the U.S. District Court for the District of Delaware, this same Plaintiff as well as the plaintiffs who have been dismissed from this action have asserted various unsubstantiated and irrelevant allegations regarding Seaboard Corporation's purported "willingness to do business with individuals and entities associated with terrorism . . . ." *Fernandez v. Seaboard Corp.*, No. 21-01052 (D. Del.) (ECF No. 14 at ¶¶ 10-15). Among other things, the allegations accuse Seaboard Corporation of having ties to Kassim Tajideen, Mohammed Bazzi, Premier Investment Group, and others, in connection to activity in Africa and the Middle East. *Id*. The subpoenas to Messrs. Dannov, Moss, and Retreage in this case seek material relating to the abovementioned individuals and entities. The recently noticed subpoenas come on the heels of Plaintiff's service of two purported "expert rebuttal" reports claiming that non-party Seaboard Corporation had business dealings with individuals and entities "associated with terrorism" including many of the persons referenced in the Complaint against Seaboard Corporation and now in the subject subpoenas. During a meet-and-confer discussion on Tuesday, February 22, 2022 (today), Plaintiff's counsel confirmed that the purpose of the discovery sought by way of the subpoenas is to try to demonstrate that Seaboard Marine's parent company associates with terrorists and participates in a purported "pattern and practice" of sanctions violations, which,

5

according to Plaintiff, somehow shows that Seaboard Marine "knowingly and intentionally" trafficked in confiscated property in Cuba under 22 U.S.C. 6023(13)(A).

Seaboard Marine seeks a protective order denying Plaintiff the discovery attempted through subpoenas for deposition duces tecum to Messrs. Dannov, Moss, and Retreage.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel hereby certifies that counsel for Seaboard Marine and counsel for Plaintiff, in compliance with Local Rule 7.1(a)(3), conferred in good faith regarding the disputes identified in this Notice of Hearing, but the parties were unable to resolve their disagreements.

Dated: February 22, 2022

*s/ Robert M. Brochin*
Robert M. Brochin
Florida Bar No. 0319661
bobby.brochin@morganlewis.com
Matthew Papkin
Florida Bar No. 106565
matthew.papkin@morganlewis.com
Justin Stern
Florida Bar No. 1010139
justin.stern@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Brickell Avenue
Suite 1600
Miami, Florida 33131-3075
Telephone:  305.415.3000
Facsimile:  305.415.3001

Carl A. Valenstein (admitted *pro hac vice*)
carl.valenstein@morganlewis.com
One Federal Street
Boston, MA 02110
Telephone:  617.341.7700
Facsimile:  617.341.7701

Brian A. Herman (admitted *pro hac vice*)
brian.herman@morganlewis.com
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6000
Facsimile:  212.309.6001

*Counsel for Defendant Seaboard Marine, Ltd.*