# EXHIBIT "L"

| | |
|---|---|
| **From:** | eb@bcr-dc.com |
| **Sent:** | Thursday, February 17, 2022 6:08 PM |
| **To:** | mwhite@bcr-dc.com; martincunniff@fieldslawpllc.com; wboeringer@admiral-law.com; Papkin, Matthew; dbaron@bcr-dc.com; lcl@bcr-dc.com; Lew, Veronica J.; dhorr@admiral-law.com; Brochin, Robert M.; wmilliken@admiral-law.com; fields@fieldslawpllc.com; Winter, Angela C.; missa@admiral-law.com; deppler@bcr-dc.com; Herman, Brian A.; johngaebe@gaebelaw.com; Stern, Justin; Edward Han |
| **Cc:** | Sara kaufman |
| **Subject:** | De Fernandez v. Seaboard Marine, 20-cv-25176 (S.D. Fla.) |
| **Attachments:** | Notice of Subpoena - Dannov.pdf; Notice of Subpoena - Moss.pdf; Notice of Subpoena - RETREAGE.pdf; Notice of Deposition re D. Dannov.pdf; Notice of Deposition re R. Moss.pdf; Notice of Deposition re D. Retreage.pdf |

[EXTERNAL EMAIL]

All,

Please find attached the Notice of Intent and Notice of Deposition for Mr. David Dannov, Mr. Ralph Moss, and Mr. Donald Retreage.

Thanks,

Emma

--
Emma Byrne
Legal Assistant

Berliner Corcoran & Rowe LLP
1101 Seventeenth Street N.W.
Suite 1100
Washington, DC 20036
202-293-5555 (p)
202-293-9035 (f)
eb@bcr-dc.com
https://urldefense.com/v3/__http://www.bcr-dc.com__;!!DuJIhUBmA6S-
!WyyvBv4IAjuQwdGA_tSsaMHGm8DTPHvZ547knewnEvWW1d2s6CpGLmCRibEE9t0HOUKYjQ$

_____

Confidentiality Notice:   This e-mail transmission contains
confidential and legally privileged information that is intended only for the individual or entity named in the e-mail address.
If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance upon the contents of this e-mail message is strictly prohibited. If you have received this e-mail transmission in error, please reply to the sender, so that proper delivery can be arranged, and please delete the message from your in-box.  Thank you.

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-25176-BLOOM/Otazo-Reyes**

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

      Plaintiff,

v.

SEABOARD MARINE, LTD.,

      Defendant.

_____/

**NOTICE OF DEPOSITION**
**OF DAVID DANNOV**

      PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure and the attached Subpoena, Plaintiff will take the deposition upon oral examination of

Mr. David Dannov commencing on March 8, 2022 at 9:30 a.m., Central Standard Time /

10:30 a.m. Eastern Standard Time. The deposition will be conducted at Lexitas,

1608 Locust St., Kansas City, MO 64108, by persons certified and authorized to

administer oaths and to make stenographic and audiovisual recordings and written

transcripts. The deposition will be used for all authorized purposes, including trial.

Dated: February 17, 2022
David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted pro hac vice)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel:  (202) 293-5555

*s/ John S. Gaebe_____*
John S. Gaebe
Florida Bar No. 304824
johngaebe@gaebelaw.com
LAW OFFICES OF JOHN S. GAEBE P.A.
5870 SW 96 St.
Miami, Florida  33156
Tel:  (305) 607-4755

Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (*admitted pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward Han (*admitted pro hac vice*)
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

David J. Horr
Florida Bar. No. 310761
dhorr@admiral-law.com
William R. Boeringer
Florida Bar No. 347191
wboeringer@admiral-law.com
William B. Milliken
Florida Bar No. 143193
wmilliken@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be

served by electronic mail upon:

> Robert M. Brochin
> bobby.brochin@morganlewis.com
> Matthew Papkin
> matthew.papkin@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 200 South Biscayne Boulevard
> Suite 5300
> Miami, Florida 33131-2339
> Telephone: 305.415.3000
> Facsimile: 305.415.3001
>
> Carl A. Valenstein
> carl.valenstein@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston, MA 02110
> Telephone: 617.341.7700
> Facsimile: 617.341.7701
>
> Brian A. Herman
> brian.herman@morganlewis.com
> 101 Park Avenue
> New York, NY 10178
> Telephone: 212.309.6000
> Facsimile: 212.309.6001
>
> *Counsel for Defendant Seaboard Marine, Ltd.*

*s/ John S. Gaebe*
John S. Gaebe

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▼

| | |
|---|---|
| Odette Blanco de Fernandez | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  20-cv-25176 |
| Seaboard Marine, Ltd | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           David Dannov, 6000 SUNRISE DR, FAIRWAY, KS 66205-3432

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Lexitas <br> 1608 Locust St <br> Kansas City, MO 64108 | Date and Time: <br><br> 03/08/2022 9:30 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.  You are requested to produce the documents in Exhibit A three (3) days before your deposition.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/17/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s Melvin White |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff Odette Blanco de Fernandez _____, who issues or requests this subpoena, are:

Melvin White, 1101 17th Steet NW, Suite 1100, Washington, DC 20036, mwhite@bcr-dc.com, 202-375-7884

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   20-cv-25176

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

<u>**REQUESTS FOR PRODUCTION**</u>

1.  Any communications with or records relating to former President of Gambia Yahya Jammeh, Mohammed Bazzi, Fahdi Mazegi, Steven Bresky, Ralph Moss, Armando Lopes, Loubna Farage, John Aycoth of EAW Group, as well as the Gambia Ports Authority and the business entity Premier Investment Group.

2.  Any communications with or records relating to Houssein Bazzy (aka Hussein Bazzi), Mohammed Bazzi, Ibrahim Bazzy or the companies Ibrahim Bazzy and Sons and Global Trading Corporation (aka Global Trading Group).

3.  Any communications with or records relating to Kassim Tajideen, Saleh Assi, Moustapha Abou Darwich, Abdul-Sattar Achour or the business entities CongoFutur, Minoterie du Congo (Minocongo), Trans Gazelle, Pain Victoire, Société Africaine de Développement Industriel Alimentaire (SADIA).

4.  Any communications with or records relating to Valentina Da Luz Guebuza, former President of Mozambique Armando Guebuza, Mohamed Bachir Suleman, Antonio Joaquim Ribeiro Lopes.

5.  Any communications with or records relating to Mutembo Nchito, Nchimo Nchito, David Bosse and Seaboard's investment in Zambia Airlines.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-25176-BLOOM/Otazo-Reyes**

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

     Plaintiff,

v.

SEABOARD MARINE, LTD.,

     Defendant.

_____/

**NOTICE OF DEPOSITION**
**OF DONALD RETREAGE**

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

Procedure and the attached Subpoena, Plaintiff will take the deposition upon oral examination of

Mr. Donald Retreage commencing on March 3, 2022 at 9:30 a.m., Eastern Standard Time. The

deposition will be conducted at Greenspoon Marder LLP, Capital Plaza One 201 E. Pine St.,

Suite 500, Orlando, FL 32801, with persons certified and authorized to administer oaths and

to make stenographic and audiovisual recordings and written transcripts. The deposition will

be used for all authorized purposes, including trial.

Dated: February 17, 2022

David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted pro hac vice)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel:  (202) 293-5555

*s/ John S. Gaebe_____*
John S. Gaebe
Florida Bar No. 304824
johngaebe@gaebelaw.com
LAW OFFICES OF JOHN S. GAEBE P.A.
5870 SW 96 St.
Miami, Florida  33156
Tel:  (305) 607-4755

Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (*admitted pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward Han (*admitted pro hac vice*)
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

David J. Horr
Florida Bar. No. 310761
dhorr@admiral-law.com
William R. Boeringer
Florida Bar No. 347191
wboeringer@admiral-law.com
William B. Milliken
Florida Bar No. 143193
wmilliken@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

*Counsel for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be

served by electronic mail upon:

> Robert M. Brochin
> bobby.brochin@morganlewis.com
> Matthew Papkin
> matthew.papkin@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 200 South Biscayne Boulevard
> Suite 5300
> Miami, Florida 33131-2339
> Telephone: 305.415.3000
> Facsimile: 305.415.3001
>
> Carl A. Valenstein
> carl.valenstein@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston, MA 02110
> Telephone: 617.341.7700
> Facsimile: 617.341.7701
>
> Brian A. Herman
> brian.herman@morganlewis.com
> 101 Park Avenue
> New York, NY 10178
> Telephone: 212.309.6000
> Facsimile: 212.309.6001
>
> *Counsel for Defendant Seaboard Marine, Ltd.*

> *s/ John S. Gaebe*
> John S. Gaebe

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Odette Blanco de Fernandez | ) |
| *Plaintiff* | ) |
| v. | ) |
| Seaboard Marine, Ltd. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   20-cv-25176

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Donald Retreage,  13611 WATERHOUSE WAY, ORLANDO, F L 32828-8342

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| | |
|---|---|
| Place:   The deposition will be at Greenspoon Marder  L LP<br>Capital Plaza One<br>201 E. Pine St. | Suite 500<br>Orlando, F L 32801 | Date and Time:<br><br>03/03/2022 9:30 am |
| The deposition will be recorded by this method:   remote certified court reporter and videographer | |

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

> Please see attached "EXHIBIT A." You are requested to produce the documents in "EXHIBIT A" three (3) days prior to your deposition.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/17/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | /s/ John S. Gaebe |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Odette Blanco de Fernandez
who issues or requests this subpoena are:

John S. Gaebe, Law Offices of John S. Gaebe P.A., 5870 SW 96 St., Miami, Florida  33156, johngaebe@gaebelaw.com (305)607-4755

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   20-cv-25176

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## <u>REQUESTS FOR PRODUCTION</u>

1. Any communications with or records relating to former President of Gambia Yahya Jammeh, Mohammed Bazzi, Fahdi Mazegi, Steven Bresky, Ralph Moss, Armando Lopes, Loubna Farage, John Aycoth of EAW Group, as well as the Gambia Ports Authority and the business entity Premier Investment Group.

2. Any communications with or records relating to Houssein Bazzy (aka Hussein Bazzi), Mohammed Bazzi, Ibrahim Bazzy or the companies Ibrahim Bazzy and Sons and Global Trading Corporation (aka Global Trading Group).

3. Any communications with or records relating to Kassim Tajideen, Saleh Assi, Moustapha Abou Darwich, Abdul-Sattar Achour or the business entities CongoFutur, Minoterie du Congo (Minocongo), Trans Gazelle, Pain Victoire, Société Africaine de Développement Industriel Alimentaire (SADIA).

4. Any communications with or records relating to Valentina Da Luz Guebuza, former President of Mozambique Armando Guebuza, Mohamed Bachir Suleman, Antonio Joaquim Ribeiro Lopes.

5. Any communications with or records relating to Mutembo Nchito, Nchimo Nchito, David Bosse and Seaboard's investment in Zambia Airlines.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

     Plaintiff,

v.

SEABOARD MARINE, LTD.,

     Defendant.

_____/

# NOTICE OF DEPOSITION
# OF RALPH L. MOSS

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the attached Subpoena, Plaintiff will take the deposition upon oral examination of Mr. Ralph L. Moss commencing on March 4, 2022 at 9:30 a.m., Eastern Standard Time. The deposition will be conducted at Berliner Corcoran & Rowe LLP, 1101 17th St NW, Suite 1100, Washington, D.C. by persons certified and authorized to administer oaths and to make stenographic and audiovisual recordings and written transcripts. The deposition will be used for all authorized purposes, including trial.

Dated: February 17, 2022

David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted pro hac vice)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel: (202) 293-5555

*s/ John S. Gaebe*_____
John S. Gaebe
Florida Bar No. 304824
johngaebe@gaebelaw.com
LAW OFFICES OF JOHN S. GAEBE P.A.
5870 SW 96 St.
Miami, Florida 33156
Tel: (305) 607-4755

Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (*admitted pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward Han (*admitted pro hac vice*)
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

David J. Horr
Florida Bar. No. 310761
dhorr@admiral-law.com
William R. Boeringer
Florida Bar No. 347191
wboeringer@admiral-law.com
William B. Milliken
Florida Bar No. 143193
wmilliken@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

*Counsel for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be served by electronic mail upon:

> Robert M. Brochin
> bobby.brochin@morganlewis.com
> Matthew Papkin
> matthew.papkin@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 200 South Biscayne Boulevard
> Suite 5300
> Miami, Florida 33131-2339
> Telephone: 305.415.3000
> Facsimile: 305.415.3001
>
> Carl A. Valenstein
> carl.valenstein@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston, MA 02110
> Telephone: 617.341.7700
> Facsimile: 617.341.7701
>
> Brian A. Herman
> brian.herman@morganlewis.com
> 101 Park Avenue
> New York, NY 10178
> Telephone: 212.309.6000
> Facsimile: 212.309.6001
>
> *Counsel for Defendant Seaboard Marine, Ltd.*

*s/ John S. Gaebe*
John S. Gaebe

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida ▼

| | |
|---|---|
| Odette Blanco de Fernandez | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 20-cv-25176 |
| Seaboard Marine, Ltd | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: 　　Ralph Moss, Sr. VP Government Affairs, Seaboard Corporation
　　　2311 Connecticut Ave NW, Apt 207, Washington DC 20008
　　　　　　　_(Name of person to whom this subpoena is directed)_

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Berliner Corcoran & Rowe LLP<br>1101 17th St NW, Suite 1100, Washington DC 20036 | Date and Time:<br>03/04/2022 9:30 am |
|---|---|
| The deposition will be recorded by this method: | |

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A. You are requested to produce the documents in Exhibit A three (3) days before your deposition.

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/17/2022

| _CLERK OF COURT_ | OR | /s Melvin White |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Plaintiff Odette Blanco de Fernandez , who issues or requests this subpoena, are:

Melvin White, 1101 17th Steet NW, Suite 1100, Washington, DC 20036, mwhite@bcr-dc.com, 202-375-7884

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 20-cv-25176

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## <u>REQUESTS FOR PRODUCTION</u>

1. Any communications with or records relating to former President of Gambia Yahya Jammeh, Mohammed Bazzi, Fahdi Mazegi, Steven Bresky, Ralph Moss, Armando Lopes, Loubna Farage, John Aycoth of EAW Group, as well as the Gambia Ports Authority and the business entity Premier Investment Group.

2. Any communications with or records relating to Houssein Bazzy (aka Hussein Bazzi), Mohammed Bazzi, Ibrahim Bazzy or the companies Ibrahim Bazzy and Sons and Global Trading Corporation (aka Global Trading Group).

3. Any communications with or records relating to Kassim Tajideen, Saleh Assi, Moustapha Abou Darwich, Abdul-Sattar Achour or the business entities CongoFutur, Minoterie du Congo (Minocongo), Trans Gazelle, Pain Victoire, Société Africaine de Développement Industriel Alimentaire (SADIA).

4. Any communications with or records relating to Valentina Da Luz Guebuza, former President of Mozambique Armando Guebuza, Mohamed Bachir Suleman, Antonio Joaquim Ribeiro Lopes.

5. Any communications with or records relating to Mutembo Nchito, Nchimo Nchito, David Bosse and Seaboard's investment in Zambia Airlines.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-25176-BLOOM/Otago-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

      Plaintiff,

v.

SEABOARD MARINE, LTD.,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY DAVID DANNOV

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff hereby provides notice that she intends to serve the attached Subpoena on non-party David Dannov.

Dated:  February 17, 2022

*s/ David J. Horr*
David J. Horr
Florida Bar. No. 310761
dhorr@admiral-law.com
William R. Boeringer
Florida Bar No. 347191
wboeringer@admiral-law.com
William B. Milliken
Florida Bar No. 143193
wmilliken@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

John S. Gaebe
Florida Bar No. 304824
johngaebe@gaebelaw.com
LAW OFFICES OF JOHN S. GAEBE P.A.

5870 SW 96 St.
Miami, Florida  33156
Tel:  (305) 607-4755

David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted *pro hac vice*)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel:  (202) 293-5555
Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (admitted *pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward  Han
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be

served by electronic mail upon:

> Robert M. Brochin
> bobby.brochin@morganlewis.com
> Matthew Papkin
> matthew.papkin@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 200 South Biscayne Boulevard
> Suite 5300
> Miami, Florida 33131-2339
> Telephone: 305.415.3000
> Facsimile: 305.415.3001
>
> Carl A. Valenstein
> carl.valenstein@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston, MA 02110
> Telephone: 617.341.7700
> Facsimile: 617.341.7701
>
> Brian A. Herman (admitted *pro hac vice*)
> brian.herman@morganlewis.com
> 101 Park Avenue
> New York, NY 10178
> Telephone: 212.309.6000
> Facsimile: 212.309.6001
>
> *Counsel for Defendant Seaboard Marine, Ltd.*

*s/ John S. Gaebe*
John S. Gaebe

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-25176-BLOOM/Otago-Reyes**

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

      Plaintiff,

v.

SEABOARD MARINE, LTD.,

      Defendant.

_____/

**PLAINTIFF'S NOTICE OF INTENT TO SERVE**
**SUBPOENA ON NON-PARTY RALPH L. MOSS**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff hereby provides notice that she intends to serve the attached Subpoena on non-party Ralph L. Moss.

Dated:  February 17, 2022

      *s/ David J. Horr*
      David J. Horr
      Florida Bar. No. 310761
      dhorr@admiral-law.com
      William R. Boeringer
      Florida Bar No. 347191
      wboeringer@admiral-law.com
      William B. Milliken
      Florida Bar No. 143193
      wmilliken@admiral-law.com
      HORR, NOVAK & SKIPP, P.A.
      Two Datran Center, Suite 1700
      9130 S. Dadeland Boulevard
      Miami, Florida 33156
      Telephone: (305) 670-2525
      Facsimile: (305) 670-2526

      John S. Gaebe
      Florida Bar No. 304824
      johngaebe@gaebelaw.com
      LAW OFFICES OF JOHN S. GAEBE P.A.

5870 SW 96 St.
Miami, Florida  33156
Tel:  (305) 607-4755

David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted *pro hac vice*)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel:  (202) 293-5555
Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (admitted *pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward  Han
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be served by electronic mail upon:

> Robert M. Brochin
> bobby.brochin@morganlewis.com
> Matthew Papkin
> matthew.papkin@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> 200 South Biscayne Boulevard
> Suite 5300
> Miami, Florida 33131-2339
> Telephone: 305.415.3000
> Facsimile: 305.415.3001
>
> Carl A. Valenstein
> carl.valenstein@morganlewis.com
> MORGAN, LEWIS & BOCKIUS LLP
> One Federal Street
> Boston, MA 02110
> Telephone: 617.341.7700
> Facsimile: 617.341.7701
>
> Brian A. Herman (admitted *pro hac vice*)
> brian.herman@morganlewis.com
> 101 Park Avenue
> New York, NY 10178
> Telephone: 212.309.6000
> Facsimile: 212.309.6001
>
> *Counsel for Defendant Seaboard Marine, Ltd.*

*s/ John S. Gaebe*
John S. Gaebe

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 20-cv-25176-BLOOM/Otago-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

      Plaintiff,

v.

SEABOARD MARINE, LTD.,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF INTENT TO SERVE
### SUBPOENA ON NON-PARTY DONALD RETREAGE

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff hereby provides notice that she intends to serve the attached Subpoena on non-party Donald Retreage.

Dated:  February 17, 2022

*s/ David J. Horr*
David J. Horr
Florida Bar. No. 310761
dhorr@admiral-law.com
William R. Boeringer
Florida Bar No. 347191
wboeringer@admiral-law.com
William B. Milliken
Florida Bar No. 143193
wmilliken@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526

John S. Gaebe
Florida Bar No. 304824
johngaebe@gaebelaw.com
LAW OFFICES OF JOHN S. GAEBE P.A.

5870 SW 96 St.
Miami, Florida  33156
Tel:  (305) 607-4755

David A. Baron (admitted *pro hac vice*)
dbaron@bcr-dc.com
Melvin White (admitted *pro hac vice*)
mwhite@bcr-dc.com
Laina C. Lopez (admitted *pro hac vice*)
lcl@bcr-dc.com
BERLINER CORCORAN & ROWE LLP
1101 17th Street, N.W., Suite 1100
Washington, D.C. 20036-4798
Tel:  (202) 293-5555
Facsimile:  (202) 293-9035

Richard W. Fields (admitted *pro hac vice*)
fields@fieldslawpllc.com
Martin Cunniff (admitted *pro hac vice*)
MartinCunniff@fieldslawpllc.com
Edward  Han
edhan@fieldslawpllc.com
FIELDS PLLC
1701 Pennsylvania Ave, N.W., Suite 200
Washington, D.C. 20006
Tel:  (833) 382-9816

*Counsel for Plaintiffs*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February, 2022, I caused the foregoing to be

served by electronic mail upon:

Robert M. Brochin
bobby.brochin@morganlewis.com
Matthew Papkin
matthew.papkin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339
Telephone: 305.415.3000
Facsimile: 305.415.3001

Carl A. Valenstein
carl.valenstein@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone: 617.341.7700
Facsimile: 617.341.7701

Brian A. Herman (admitted *pro hac vice*)
brian.herman@morganlewis.com
101 Park Avenue
New York, NY 10178
Telephone: 212.309.6000
Facsimile: 212.309.6001

*Counsel for Defendant Seaboard Marine, Ltd.*

*s/ John S. Gaebe*
John S. Gaebe