UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

    Plaintiff,

v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT SEABOARD
MARINE, LTD.'S NOTICE OF DISCOVERY HEARING**

Plaintiff Odette Blanco de Fernandez, née Blanco Rosell ("Ms. Fernandez") through her undersigned counsel, hereby responds to Defendant Seaboard Marine, Ltd.'s Notice of Discovery Hearing, ECF No. [127]. Ms. Fernandez opposes Seaboard Marine's baseless attempt to strike her testimony and to foreclose her from pursing evidence that is plainly relevant to her case or is likely to lead to the discovery of admissible evidence.

In addition, Ms. Fernandez raises herein a third issue for the discovery hearing scheduled for February 24, 2022 at 3:30 p.m.: Seaboard Marine's failure to disclose insurance agreements as required by Fed. R. Civ. P. 26(a)(1)(A)(iv), and other insurance-related documents responsive to Ms. Fernandez's discovery requests.

**Response to Issue No. 1:**    Ms. Fernandez's Errata Sheet Related to her December 17, 2021 Deposition Should not be Stricken.

Issue No. 1 is Seaboard Marine's latest improper attempt to frustrate Ms. Fernandez's effort to obtain a measure of justice and compensation for Seaboard Marine's unlawful trafficking in her family's property confiscated by Cuba in 1960, when Ms. Fernandez (now 92) was 30 years

old. Seaboard Marine raises Issue No. 1 on the heels of its premature motion for summary judgment disguised as a motion to dismiss for lack of subject matter jurisdiction, ECF No. [89] which relied on Ms. Fernandez's incomplete deposition, and its baseless "expedited" motion to extend the dispositive motion and pre-trial stipulation deadlines, ECF No. [110]. The Court denied both motions, finding that the motion to dismiss was "premature" because it "involve…[d] a factual attack based on matters outside the pleadings…[,]" and that the motion to extend was moot.[1]

Likewise, Issue No. 1 should be denied. Ms. Fernandez's Errata Sheet was timely served and was the result of Ms. Fernandez's proper exercise her right under Rule 30(e) to review her deposition transcript and to "make changes in form or substance."

Seaboard Marine makes two arguments; one substantive (arguing that the Errata Sheet "materially altered" Ms. Fernandez's testimony regarding the ownership of Maritima Mariel S.A. or Azucarera Mariel, two of the companies confiscated from Ms. Fernandez and her family), the other procedural (arguing that the Errata Sheet was not timely served and did not provide the reasons for the changes). Neither argument has merit.

Seaboard Marine's substantive argument must be viewed in the light of the legal standard (which Seaboard Marine does not cite) that allows Ms. Fernandez to make changes on her Errata

---

[1] Last week, Seaboard Marine filed yet another "expedited" motion, ECF No. [123] this time asking the Court to allow it to file two summary judgment motions in violation of Local Rule 56.1(e). In addition to violating Local Rule 56.1(e) filing two summary judgment motions would violate the Court's Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, ECF No. [43] which requires strict compliance with Local Rule 56.1, and which sets forth very specific requirements for the parties' statements of material fact. *Id.* at 2-5. In that motion Seaboard Marine ***again*** asks the Court to continue the trial date and extend the pre-trial motion and pre-trial stipulation deadlines. As Ms. Fernandez's response will make clear, this motion is as meritless as Seaboard Marine's motion to dismiss and its motion to extend.

Sheets that are in line with her other testimony and with the documents in the case.[2]  Each and every change on Ms. Fernandez's Errata Sheet is in line with the governing legal standard.  Most importantly, Seaboard Marine's contention that Ms. Fernandez testified that "she never owned or was a shareholder in Maritima Mariel, S.A." is a cherry-picked mischaracterization of an answer Ms. Fernandez gave after a series of repetitive questions regarding ownership of Maritima Mariel, S.A. and the other companies:

> Q. Well, were you ever a shareholder in the company known as Maritima Muriel SA?
> A. ***I have to answer you yes or no. No.***

Fernandez Dep. 125:8-10 (emphasis added) (Ex. A).

Ms. Fernandez gave that answer in frustration after a series of repetitive questions about the ownership of the companies to which Ms. Fernandez repeatedly had answered that she did not know the names of all of companies confiscated from her family or how the companies were titled.  And that answer is premised on Ms. Fernandez's incorrect assumption that "I have to answer you yes or no…[,]" an assumption that was reasonable given her multiple prior "I don't know" answers to Seaboard Marine's lawyer repeatedly asking her the same question time and time again.  The fact that Ms. Fernandez was confused is obvious from her response "I have to answer you yes or

---

[2] *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, Civil Action No. 1:17-MD-2782-RWS, 2020 U.S. Dist. LEXIS 255571, at *72 (N.D. Ga. Dec. 4, 2020) ("Plaintiffs correctly argue that courts within the Eleventh Circuit allow a witness to make changes of the kind made by this witness. Generally, witnesses may add to or revise testimony "in order to clarify, expound upon, and correct deposition answers." [Doc. 640 at 9 n.5 (listing cases)]. And clarifications or corrections that are in line with the witness's other testimony or documents in the case are typically allowed."). Courts in this district even permit extensive corrections and alterations to deposition testimony in an errata sheet. *See Chavez v. Arancedo*, 2018 WL 11346745, at *3 (S.D. Fla. May 24, 2018) (J. Torres) (reviewing precedent and permitting broad changes to deposition testimony in an errata sheet); see also *Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, 2016 WL 7443291, at *1 (S.D. Fla. Dec. 14, 2016) (J. McAliley) (same); *Maharaj v. GEICO Cas. Co.*, 996 F. Supp. 2d 1303, 1311 (S.D. Fla. 2014) (same); *Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 532 (S.D. Fla. 2009) (same).

no." Quite plainly, she did not have to answer yes or no, but she thought she did, because of the repeated questions on the same topic. Seaboard Marine apparently is of the mistaken view that the answer is somehow a confession extracted under the weight of its lawyer's withering cross-examination, a la Perry Mason-style.[3] ***That is not the case.*** Mr. Fernandez was just exhausted from answering the same questions time and time again and confused about why Seaboard Marine's lawyer kept asking them. Ms. Fernandez's change of that answer to bring it in line with her prior testimony was entirely appropriate:

| *Original Testimony* | *Clarification* | *Explanation* |
|---|---|---|
| I have to answer you yes or no. No. | As I previously testified, I do not recall the names of all of the family businesses, but I do recall that I was an equal owner in the family businesses with my four brothers. | At this point in my deposition, I had been questioned for a really long time, I was exhausted and did not understand why I was being asked the same questions again when I already had told the lawyer that I remembered nothing about Maritima Mariel SA other than the name. So when the lawyer asked me this question, I was under the mistaken belief that I had to answer yes or no and not say anything else. I am clarifying my testimony to be in line with my other testimony and the documents in the case. |

At 92 years old, Plaintiff can be forgiven for not knowing corporate formalities that she was never involved in, particularly after testifying she did not know the "title owner" of her family's properties. The changes on her Errata Sheet harmonizes her testimony with her prior

---

[3] https://en.wikipedia.org/wiki/Perry_Mason_(1957_TV_series).

testimony and multiple case documents showing that she and her brothers owned the Confiscated Property. In sum, Ms. Fernandez's Errata Sheet is substantively sound and should not be stricken. Seaboard Marine's opportunity to challenge Ms. Fernandez's testimony will be on cross-examination at trial, not through a back-door challenge to her Errata Sheet.

Likewise, Ms. Fernandez's Errata Sheet should not be stricken on any of the procedural grounds argued by Seaboard Marine. Without question, her Errata Sheet was timely signed, notarized and returned within 30 days of her counsel's receipt of the transcript. Seaboard Marine makes this baseless argument even though counsel gave Seaboard Marine's counsel the transmittal email from the court reporter showing the date counsel received Ms. Fernandez's transcript. Similarly, Seaboard Marine's argument that Ms. Fernandez's amendment to her Errata Sheet outside the 30 day window somehow caused the Errata Sheet to be untimely is nonsensical. She did not make a single change to her testimony outside the 30-day window Finally, Seaboard Marine's argument that the changes could not be made because a summary judgment motion was on file, flies in the face of Seaboard Marine's own argument that its motion ***was not*** a summary judgment motion. In any event, whatever that motion was, it has been dismissed and is no longer on file.

<u>**Response to Issue No. 2**</u>:    **Seaboard Marine is Not Entitled to a Protective Order.**

Ms. Fernandez has issued subpoenas to present or former employees of Seaboard Marine's parent company, Seaboard Corporation, to obtain evidence regarding Seaboard Corporation's business dealings, through its subsidiaries, with designated terrorists and associates of designated terrorists. Relevant portions of the rebuttal expert report of Matthew Levitt, who opines on Seaboard Corporation's dealings with designated terrorists and their associates, are attached (Ex. B – to be filed under seal).

Such dealings by Seaboard Corporation subsidiaries are squarely relevant because this case is brought under the Helms-Burton Act, one of the express purposes of which is to discourage support for international terrorism. In passing the Helms-Burton Act, Congress expressly found: "The Castro government threatens international peace and security by engaging in acts of armed subversion and terrorism such as the training and supplying of groups dedicated to international violence." 22 U.S.C. § 6021(14). Among the express purposes of the act is "to provide for the continued national security of the United States in the face of continuing threats from the Castro government of terrorism…." 22 U.S.C. § 6022(3). The U.S. Department of State has designated Cuba a state sponsor of terror. Relevant portions of the expert rebuttal report of Nathan Sales, who, as the State Department's Coordinator for Counterterrorism, was directly involved in that designation, is attached (Ex. C – to be filed under seal).

Evidence of Seaboard Corporation's dealings with terrorists is particularly probative of whether Seaboard Marine knowingly and intentionally engaged in business transactions that violate the Helms-Burton Act. Under the Act, "a person 'traffics' in confiscated property if that person ***knowingly and intentionally*** … engages in a commercial activity using or otherwise benefitting from confiscated property, or … profits from[] trafficking … by another…." (Emphasis added.) Fed. R. Evid. 404(b) provides that "Evidence of any other crime, wrong, or act" may be admissible to prove "motive, opportunity, ***intent***, preparation, plan, ***knowledge***, … absence of mistake, or lack of accident." (Emphasis added.)  Evidence that Seaboard Corporation, through its subsidiaries, regularly engages in business dealings with designated terrorists and international terrorist organizations is admissible to show that its subsidiary, Seaboard Marine, knowingly and intentionally engaged in transactions in Cuba that constitute trafficking under the Helms-Burton Act.

Moreover, the expert report of Barbara Linney submitted by Seaboard Marine opens the door to this evidence. Ms. Linney seeks to testify about the "concerns" that purportedly led Congress to enact the Trade Sanctions Reform Act ("TSRA"), including the concerns that the sanctions imposed a burden on the Cuban people and on U.S. exporters. Seaboard Marine apparently hopes to persuade the jury that these concerns outweigh legislative goals that led to the passage of the Helms-Burton Act. In response, Ms. Fernandez should be permitted to discover and introduce evidence that one of the concerns expressly identified in the legislative findings of the Helms-Burton Act—Cuba's support for terrorists and international terrorist organizations—is substantial, continuing, and heightened in the case of Seaboard Marine. Evidence that Seaboard Marine's parent company has demonstrated its willingness, through its subsidiaries, to conduct business with, and enter into business arrangements with, designated terrorists and their associates will show that these concerns are especially pressing in this case.

**Issue No. 3:** **Seaboard Marine's Failure to failure to disclose insurance agreements as required by Fed. R. Civ. P. 26(a)(1)(A)(iv), and other insurance-related documents responsive to Ms. Fernandez's discovery requests**

Despite the clear requirement of Fed. R. Civ. P. 26(a)(1)(A)(iv) that Seaboard Marine disclose insurance agreements, since the very start of this case *and again last month* Seaboard Marine has responded that it is unaware of any agreement required to be disclosed pursuant to Rule 26(a)(1)(A)(iv). (Ex. D; Ex. E). Not only did Seaboard Marine fail to meet its initial disclosure obligation under Rule 26, it also later in response to specific documents request stated that it had no responsive insurance documents. (Ex. F; Ex. G). That response was put to the lie during last week's deposition of Seaboard Marine Executive Vice President Bruce Brecheisen (Feb. 18, 2022). It is now clear that Seaboard Marine failed to produce (1) relevant insurance agreements and (2) insurance related documents that relate specifically to its business in Cuba.

These documents may be evidence of, or lead to evidence relating to Seaboard's trafficking in Plaintiff's property, as well as its knowledge and intent in doing so. The Brecheisen deposition is CONFIDENTIAL under the Stipulated Confidentiality and Protective Order, ECF No. [74]. Suffice it to say here that Seaboard Marine has breached its obligation to disclose insurance agreements at the start of this case and its obligation to respond to Plaintiff's requests for production regarding insurance-related documents (including reservation of rights letters, denial letters, notice of breach letters, and related emails and correspondence).

The obligation of Seaboard Marine to conduct a reasonable search and to produce at the start of this case "any insurance agreement under which an insurance business *may* be liable to satisfy all or part of a possible judgment" is well-established. Seaboard Marine cannot shirk that responsibility by failing to search for such documents, or by arguing that an insurer has reserved its rights to deny coverage later and/or has simply denied coverage for a disputed claim.

> Because Defendants did not reveal that they had information responsive to the insurance-related discovery requests until after the deadline for discovery had passed, the Court deems Plaintiff's Motion for Insurance Discovery timely and grants Plaintiff's request to obtain information concerning Defendants' insurance coverage, as well as coverage defenses or reservation of rights that may exist. Accordingly, the Court hereby directs Defendants to produce all documents required to be disclosed by Rule 26(a)(1)(A)(iv). More specifically, Defendants shall produce documents reflecting the insurance coverage available to them that may satisfy all or part of a possible judgment relating to the claims set forth in the Second Amended Complaint.

*JCW Software v. Embroidme.com, Inc.*, 2011 U.S. Dist. LEXIS 168819, at *7–*8 (M.D. Fla. Dec. 8, 2011).

Not only did Seaboard Marine fail to meet its Rule 26 obligation, it is now clear that Seaboard Marine has prejudiced Plaintiff's right to discovery on these issues. Plaintiff will address this issue in greater detail during the February 24th Discovery Hearing.

Dated: February 23, 2022

Respectfully submitted,

*s/ John S. Gaebe*

| | |
|---|---|
| David A. Baron (admitted *pro hac vice*) | John S. Gaebe |
| dbaron@bcr-dc.com | Florida Bar No. 304824 |
| Melvin White (admitted *pro hac vice*) | Law Offices of John S. Gaebe P.A. |
| mwhite@bcr-dc.com | 5870 SW 96 St. |
| Berliner Corcoran & Rowe LLP | Miami, Florida 33156 |
| 1101 17th Street, N.W., Suite 1100 | johngaebe@gaebelaw.com |
| Washington, D.C. 20036-4798 | |
| Tel: (202) 293-5555 | David J. Horr |
| Facsimile: (202) 293-9035 | Florida Bar. No. 310761 |
| | dhorr@admiral-law.com |
| Richard W. Fields (admitted *pro hac vice*) | William R. Boeringer |
| fields@fieldslawpllc.com | Florida Bar No. 347191 |
| Martin Cunniff (admitted *pro hac vice*) | wboeringer@admiral-law.com |
| MartinCunniff@fieldslawpllc.com | William B. Milliken |
| Edward Han | Florida Bar No. 143193 |
| edhan@fieldslawpllc.com | wmilliken@admiral-law.com |
| Fields PLLC | Horr, Novak & Skipp, P.A. |
| 1701 Pennsylvania Ave, N.W., Suite 200 | Two Datran Center, Suite 1700 |
| Washington, D.C. 20006 | 9130 S. Dadeland Boulevard |
| Tel: (833) 382-9816 | Miami, Florida 33156 |
| | Telephone: (305) 670-2525 |
| *Counsel for Plaintiffs* | Facsimile: (305) 670-2526 |
| | |
| | *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ John S. Gaebe*
John S. Gaebe