UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

    Plaintiff,
v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

## ORDER REGARDING DEFENDANT SEABOARD MARINE, LTD.'s MOTION TO STRIKE PLAINTIFF'S DEPOSITION ERRATA

**THIS CAUSE** is before the Court upon Defendant Seaboard Marine, Ltd.'s ("Defendant") Motion to Strike Plaintiff's Deposition Errata, ECF No. [155] ("Motion"). Plaintiff Odette Blanco De Fernandez *née* Blanco Rosell ("Plaintiff") filed a Response in Opposition, ECF No. [179] ("Response"), to which Defendant filed a Reply, ECF No. [189] ("Reply"). The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

On December 20, 2020, Plaintiff initiated this action against Defendant to recover to recover damages and interest under Title III of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996, codified at 22 U.S.C. § 6021, et seq. (the "Helms-Burton Act" or "Act") against Seaboard Marine for trafficking in property which was confiscated by the Cuban Government. *See* ECF No. [1]; *see also* ECF No. [45] ("Amended Complaint"). According to the Amended Complaint, Plaintiff and her four siblings ("Blanco Rosell Siblings") owned various

corporations and assets in Cuba that were confiscated by the Cuban Government in 1960. *See* ECF No. [45] ¶¶ 4, 14, 66-73 ("Confiscated Property"). Plaintiff, the estates of the four Blanco Rosell Siblings, and the descendants of the four Blanco Rosell Siblings all sought to hold Defendant liable under Title III for "trafficking" in the Confiscated Property. *See* 22 U.S.C. § 6082(a)(1)(A).

Plaintiff was deposed twice in this action: on December 14, 2022 (by Plaintiff to preserve her testimony for trial) and on December 17, 2021 (by Defendant). ECF No. [155] at 4. Plaintiff's counsel did not question Plaintiff during the December 17, 2021 deposition. ECF No. [155-3] at 180, [179] at 16-17. Instead, Plaintiff's counsel stated on the record "I do have questions. Given the hour and she's been here so long, I'm going to reserve my questions." ECF No. [155-3] at 180. On January 18, 2022, Plaintiff's counsel sought to schedule a third deposition of Plaintiff, but Defendant's counsel refused. ECF No. [155-5], [179] at 17. Plaintiff then prepared an errata sheet ("First Errata Sheet"), signed and certified January 27, 2022, which made changes to her testimony given during the December 17 deposition. ECF No. [155-6]. The First Errata Sheet did not contain reasons why the changes were made. *Id.* Plaintiff prepared another errata sheet ("Second Errata Sheet"), signed and certified February 7, 2022, which added a reason for each change made on the First Errata Sheet. ECF No. [179-1].

Defendant filed the instant Motion asking that the Court strike the errata sheets because the changes made materially alter and contradict Plaintiff's deposition testimony in violation of Federal Rule of Civil Procedure 30(e)(1). *See generally* ECF No. [155]. Plaintiff opposes the Motion and argues that the changes are permissible under Rule 30(e)(1). *See generally* ECF No. [179]. The main issue raised by the Motion is whether to interpret Rule 30(e)(1) narrowly, as Defendant contends, or broadly, as Plaintiff urges.

## II. LEGAL STANDARD

Rule 30(e)(1) of the Federal Rules of Civil Procedure allows a deponent to make "changes in form or substance" to the transcript of their deposition within 30 days after being notified by the court reporting officer that the transcript is available. The changes to a deponent's testimony are made through an errata sheet which is a "sign[ed] . . . statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B).

## III. ANALYSIS

Defendant contends that Rule 30(e)(1) prohibits material changes to deposition testimony, especially if the changes contradict the deponent's original testimony, without good reason. ECF No. [155] at 6 (citing *Eldridge v. Pet Supermarket, Inc.*, No. 18-22531-CIV, 2019 WL 3302348, at *2 (S.D. Fla. July 23, 2019) and *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010)). Defendant avers that, under this interpretation of Rule 30(e)(1), Plaintiff's errata sheets should be stricken because the changes materially alter Plaintiff's testimony without good reason. *See generally* ECF No. [155].[1][2] In the Motion, Defendant highlights seven examples of Plaintiff's deposition testimony (regarding her ownership of property in Cuba) in support of their argument, including:

> *QUESTION*: Oh, you don't recall? How much did Alfredo, Sr. own in Central San Ramon sugar mill, at the time he fled Cuba?
>
> *ANSWER*: I don't know.

---

[1] Defendant did not request that the Court re-open Plaintiff's deposition. *See generally* ECF Nos. [155], [189].

[2] Defendant argues in its Reply that the Second Errata Sheet was untimely. ECF No. [189] at 9 n.4. As noted by Defendant, Magistrate Judge Otazo-Reyes has already ruled on the timeliness of the Second Errata Sheet *Id.* As such, the Court will not address Defendant's argument regarding timeliness.

ECF No. [155-3] at 86; *see also* ECF No. [155] at 7-9. Plaintiff's Second Errata Sheet corrects the answer to read: "My understanding is that when we fled Cuba, my father didn't own any of San Ramon sugar mill." ECF No. [179-1] at 4. Plaintiff provides assorted reasons for the changes, but the three overarching themes are as follows:

- "Clarifying testimony to be in line with my other testimony and the documents in this case." *Id.* at 2-7.

- "I was exhausted and did not understand why I was being asked the same questions time and time again. I was under the mistaken belief that I had to answer yes or no." *Id.* at 4-5.

- "My answer – while factually correct – did not make clear" my response. "At this point in my deposition, I had been questioned for a really long time, I was exhausted and I did not explain" my response. *Id.* at 7-8.

Defendant argues that these reasons are inadequate as a matter of law, are not credible, and should be stricken. ECF No. [155] at 9-11.

Conversely, Plaintiff contends that Rule 30(e)(1) allows substantive changes, reasoning in part that the parties are free to question the witness about those changes at trial. ECF No. [179] at 11. Plaintiff further argues that the changes made to Plaintiff's testimony through the Second Errata Sheet are not material, and even if they were considered material, they were made for good reason—to correct a misunderstanding or to clarify, and provide more detailed context. *Id.* at 12, 16. Moreover, Plaintiff contends the changes were made as a result of Defendant's counsel's alleged "inappropriate and confusing questioning of" Defendant, refusal to permit Plaintiff's counsel to cross-examine Plaintiff during the December 17, 2021 deposition, and repeated false and misleading characterizations of her testimony. *Id.* at 12. In sum, Plaintiff avers that the changes were made to correct her mistaken recollection, to make her testimony consistent with her

discovery responses and case documents, or to add "a fact she forgot to mention during her deposition." *Id.* at 13-14.

The distinction between a narrow and broad interpretation of Rule 30(e), and the fundamental disagreement between the parties here, arises because "the Eleventh Circuit itself has not squarely interpreted the effect of Rule 30(e) . . . ." *Chavez v. Arancedo*, No. 17-20003-CIV, 2018 WL 11346673, at *2 (S.D. Fla. May 24, 2018). In *Norelus*, the Eleventh Circuit discussed the striking of an errata sheet, but did not rule on the binding interpretation of Rule 30(e). *See* 628 F.3d at 1281. There, the question was whether there was an abuse of discretion in sanctioning attorneys under 28 U.S.C. § 1927 in connection with their preparation of an errata sheet. *Id.* at 1280-1281. Most importantly, "the court cited to numerous decisions from other circuits striking errata sheets, however, the court also cited to decisions allowing substantive changes." *United Subcontractors, Inc. v. Darsey*, No. 3:13-CV-603-J-99TJC, 2013 WL 5770559, at *1 (M.D. Fla. Oct. 24, 2013). In *Reynolds v. Int'l Bus. Machs. Corp.*, 320 F. Supp. 2d 1290, 1300-1301 (M.D. Fla.), *aff'd sub nom. Reynolds v. IBM*, 125 F. App'x 982 (11th Cir. 2004), the court addressed whether it was proper to disregard an errata sheet when ruling on a motion for summary judgment. *See Cultivos Yadran S.A. v. Rodriguez*, 258 F.R.D. 530, 533 (S.D. Fla. 2009) ("Other courts in this Circuit have declined to follow *Reynolds* noting that the Eleventh Circuit's summary affirmance of the district court's opinion is not binding precedent."). Neither decision expressly sets forth whether Rule 30(e) should be broadly or narrowly interpreted.

The courts in the Eleventh Circuit are divided on how to interpret what "changes in form or substance" are acceptable under Rule 30(e)(1)(B), specifically whether substantive changes are permissible. "A minority of courts interpret the rule narrowly to permit only the correction of typographical or transcriptional errors, absent a showing of witness confusion." *Architectural*

*Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 13-20544-CIV, 2016 WL 7443291, at *1 (S.D. Fla. Dec. 14, 2016) (citing *Travelers Indem. Co. of Connecticut v. Attorney's Title Ins. Fund, Inc.*, No. 2:13-CV-670-FTM-38CM, 2016 WL 866368, at *7 (M.D. Fla. Mar. 7, 2016)).

A majority of courts have interpreted Rule 30(e)(1)(B) broadly, allowing material changes to a deponent's testimony "because a broader interpretation is more consistent with the plain language of Rule 30(e) for the run-of-the-mill case." *Chavez*, 2018 WL 11346673, at *2 (citing *Allstate Ins. Co. v. Viazcay*, No. 8:11-CV-804-T-17EAJ, 2013 WL 12157570, at *2 (M.D. Fla. Aug. 2, 2013) and *United Subcontractors, Inc.*, 2013 WL 5770559, at *1); *see also Architectural Ingenieria Siglo XXI, LLC*, 2016 WL 7443291, at *1 ("I find the broader reading of Rule 30(e)(1)(B) more persuasive."); *Maharaj v. GEICO Cas. Co.*, 996 F. Supp. 2d 1303, 1311 (S.D. Fla. 2014) ("The Court finds the line of cases adopting a broad interpretation of the Rule to be more persuasive and more consistent with the actual language of Rule 30(e)."); *Cultivos Yadran S.A.*, 258 F.R.D. at 533 ("The undersigned is persuaded by the majority view interpreting Rule 30(e) broadly.").

Under the broad interpretation of Rule 30(e)(1)(B), courts focus on the plain language of the rule, which permits deponents to make changes to their deposition testimony "in form or substance." The plain language of Rule 30(e)(1)(B)

> [P]laces no limitations on the type of changes that may be made by a witness before signing his deposition. *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. at 340, nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes. Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure.

*Cultivos Yadran S.A.*, 258 F.R.D. at 532 (quoting authority omitted); *see also Maharaj*, 996 F. Supp. 2d at 1312.

Defendant relies on *Eldridge* in arguing that the changes made through the errata sheet are improper material re-writes of Plaintiff's deposition testimony. *See* 2019 WL 3302348, at *2; *see also* ECF No. [155] at 9. In *Eldridge,* the court narrowly construed Rule 30(e)(1) in reliance on other district courts' interpretations of *Reynolds* and *Norelus*. *See Eldridge*, 2019 WL 3302348, at *2; *Reynolds*, 320 F. Supp. 2d at 1300-1301; *Norelus*, 628 F.3d at 1281. The court held "that material changes, especially when contradictory to the deponent's original testimony, are not permissible absent a good reason." *Eldridge*, 2019 WL 3302348, at *2 (quoting authority omitted). Here, Defendant argues that this Court should strike the errata sheets because they make material changes to Plaintiff's testimony without good reason. *See generally* ECF No. [155]. Specifically, Defendant cites to *Eldridge, Maronda*, *Chemfree Corp.*, and *Jakobot,* which discuss "good reasons" for material changes, in support of its argument. *See Eldridge*, 2019 WL 3302348, at *2; *Maronda Homes, Inc. of Fla. v. Progressive Exp. Ins. Co.*, No. 6:14-CV-1287-ORL-31, 2015 WL 4167377, at *1 (M.D. Fla. July 9, 2015); *ChemFree Corp. v. J. Walter, Inc.*, No. CIV. 1:04-CV-3711-JT, 2008 WL 5234247, at *1 (N.D. Ga. Sept. 30, 2008); *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *1 (S.D. Fla. June 20, 2011).

Defendant avers that the Court should strike the changes Plaintiff made "[c]larifying [her] testimony to be in line with . . . [her] other testimony and the documents in this case[,]" ECF No. [179-1] at 2-7, because clarifying the record is an insufficient justification for material changes. *See* ECF No. [155] at 9 (citing *Eldridge*, 2019 WL 3302348, at *2). Further, Defendant contends that Plaintiff is trying to create a more favorable record instead of bringing certain portions of testimony "in line with" the record. *Id.*; *see Eldridge*, 2019 WL 3302348, at *2) ("[T]he record is not merely 'clarified' when the testimony is entirely altered to reflect a completely different answer.").

Next, Defendant argues that the changes Plaintiff made because she was "questioned for a really long time," "was exhausted," "did not understand why [she] was being asked the same questions time and time again," and was "under the mistaken belief that [she] had to answer yes or no" are improper and not credible. ECF No. [155] at 9-12. Defendant contends that these changes should be stricken because Plaintiff did not identify a "transcript error" or make "a sufficient showing of confusion." *Id.* at 10 (citing *Maronda Homes, Inc. of Fla.*, 2015 WL 4167377, at *3) ("[A]bsent a good reason, such as a transcription error or sufficient showing of confusion, material and contradictory changes are not permissible in this circuit."). Further, Defendant avers that these changes are material and inappropriate because Plaintiff is attempting to correct her testimony due to her alleged misunderstanding of the questions that were asked during her deposition. ECF No. [155] at 10-11 (citing *Jakobot*, 2011 WL 2457915, at *4) (finding that a deponent's failure to understand a question is not an appropriate reason to make a material change to a deponent's testimony through an errata sheet). Lastly, Defendant argues that "[b]eing unprepared for a deposition, however, is no excuse for not giving accurate or complete answers at a deposition." *ChemFree Corp.*, 2008 WL 5234247, at *4.

The Court is unpersuaded by Defendant's argument that Rule 30(e)(1) prohibits material changes absent a good reason. *See Eldridge*, 2019 WL 3302348, at *2 (quoting authority omitted). Defendant's reliance on *Eldridge* is unpersuasive because the court relied on other district courts' interpretations of the Eleventh's Circuit's decisions in *Reynolds* and *Norelus* in setting forth the "good reason" requirement. *See id*; *Reynolds*, 320 F. Supp. 2d at 1300-1301; *Norelus*, 628 F.3d at 1281. As discussed above, the *Reynolds* and *Norelus* decisions do not squarely set forth the standard regarding changes under Rule 30(e) at the motion to strike stage. *Id.* While not explicitly stated by Defendant, finding that Plaintiff must provide "a good reason" for the changes to her

testimony would require this Court to construe Rule 30(e)(1) narrowly: the minority approach in this circuit. Further, Defendant's reliance on *Maronda*, *Chemfree Corp.*, and *Jakobot* is also misplaced, as these cases analyze whether reasons provided by deponents for changes are sufficient or "good reasons," a requirement that is not in line with the broad interpretation of Rule 30(e)(1). *See Maronda Homes, Inc. of Fla..*, 2015 WL 4167377, at *1; *ChemFree Corp.*, 2008 WL 5234247, at *1; *Jakobot*, 2011 WL 2457915, at *1.

In consideration of the existing precedent in the Eleventh Circuit, this Court adopts the majority approach and finds that Rule 30(e)(1)(B) should be interpreted broadly, allowing material changes to a deponent's testimony "in form or substance." Good reason for the changes is not necessary. This interpretation "furthers the purpose of the discovery process-to allow the parties to elicit the true facts of a case before trial." *Cultivos Yadran S.A.*, 258 F.R.D. at 533 (quoting authority omitted). It also precludes the Court from stepping into the shoes of the fact finder and being required to make determinations regarding the weight of the evidence or "the sufficiency, reasonableness, or legitimacy of the reasons for the changes." *Id. at 532* (quoting authority omitted).

Applying the broad interpretation of Rule 30(e)(1)(B), the Court strikes Plaintiff's First Errata Sheet because it fails to meet the requirements of the plain language of the rule; it does not contain the reasons why the changes were made. *See* Fed. R. Civ. P. 30(e)(1)(B). The Court denies Defendant's request to strike Plaintiff's Second Errata Sheet, which makes alterations to Plaintiff's testimony in form and substance, because it was timely submitted, *see* ECF No. [189] at 9 n.4., and it is a "sign[ed] . . . statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(1)(B). The Court need not inquire into the sufficiency of the reasons for the changes.

The Court notes that these changes do not prejudice Defendant because the use of the errata sheets to make substantive changes to a deponent's testimony is not without consequence. *See Chavez*, 2018 WL 11346673, at *3 (quoting authority omitted). When a deponent makes changes to their testimony through an errata sheet, safeguards become available "to address a substantive change in deposition testimony, including reopening the deposition to address the changes and permit both versions of the deposition testimony, as well as the reasons for the changes, to be subject to examination by the trier of fact." *Allstate Ins. Co.*, 2013 WL 12157570, at *2. While Plaintiff did not request that the Court re-open Defendant's deposition, "[t]he original answer to the deposition questions will remain part of the record and can be read at the trial . . . . Nothing in the language of Rule 30(e) requires or implies that the original answers are to be stricken when changes are made." *Maharaj*, 996 F. Supp. 2d at 1312 (quoting authority and internal quotations omitted).

**I.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [155]**, is **GRANTED** in part and **DENIED** in part.
2. Plaintiff's First Errata Sheet, ECF No. [155-6], is stricken.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 24, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record