UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-25176-BLOOM/Otazo-Reyes**

ODETTE BLANCO DE FERNANDEZ,
*née* Blanco Rosell,

      Plaintiff,

v.

SEABOARD MARINE, LTD.,

      Defendant.

_____/

**ORDER ON MOTION TO STRIKE UNTIMELY AND IMPROPER
DECLARATIONS IN OPPOSITION TO SEABOARD MARINE'S
SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

**THIS CAUSE** is before the Court upon Defendant Seaboard Marine Ltd.'s ("Defendant"
or "Seaboard Marine") Motion to Strike Untimely and Improper Declarations in Opposition to
Seaboard Marine's Summary Judgment and *Daubert* Motions, ECF No. [221] ("Motion").
Plaintiff Odette Blanco De Fernandez ("Plaintiff") filed a Response in Opposition, ECF No. [228]
("Response"), to which Defendant filed a Reply, ECF No. [232] ("Reply"). The Court has carefully
considered the Motion, all opposing and supporting submissions, the record in the case, the
applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion granted
in part and denied in part consistent with this Order.

I. **BACKGROUND**

      On December 20, 2020, Plaintiff initiated this action against Defendant to recover damages
and interest under Title III of the Cuban Liberty and Democratic Solidarity ("LIBERTAD") Act
of 1996, codified at 22 U.S.C. § 6021, *et seq*. ("Helms-Burton Act" or "Act") against Seaboard
Marine for trafficking in property that was confiscated by the Cuban Government. *See* ECF No.

[1]. Plaintiff thereafter filed her Amended Complaint. *See* ECF No. [45] ("Amended Complaint"). According to the Amended Complaint, Plaintiff and her four brothers (collectively, "Blanco Rosell Siblings") owned various corporations and assets in Cuba that were confiscated by the Cuban Government in 1960 ("Confiscated Property"). *See id.* ¶¶ 4, 14, 66-73. Plaintiff seeks to hold Defendant liable under Title III of the Act for "trafficking" in the Confiscated Property. *See* 22 U.S.C. § 6082(a)(1)(A).

On December 16, 2022, the Court entered an Order Amending Scheduling Order and Certain Pretrial Deadlines. *See* ECF No. [83] ("First Amended Scheduling Order"). In the First Amended Scheduling Order, the Court instructed the parties to disclose experts and exchange expert witness summaries or reports by January 11, 2022. *See id.* On January 31, 2022, the Court entered a second Order Amending Scheduling Order and Certain Pretrial Deadlines. *See* ECF No. [106] ("Second Amended Scheduling Order") (collectively, "Scheduling Orders"). In the Second Amended Scheduling Order, the Court instructed the parties to exchange rebuttal expert witness summaries or reports by February 9, 2022. *See id.*

In the instant Motion, Defendant seeks an Order:

(a) striking and excluding from consideration, and precluding testimony at trial concerning the April 18, 2022 and April 21, 2022 Declarations of Scott Edmonds ("Edmonds"), ECF Nos. [201-5], [201-6], the April 22, 2022 Declaration of Douglas Jacobson ("Jacobson"), ECF No. [201-16],[1] and the April 25, 2022 Declaration of Mauricio Tamargo ("Tamargo"), ECF No. [201-7], all submitted in support of Plaintiff's Opposition to Seaboard Marine's Motion for Summary Judgment, ECF No. [197] ("MSJ Response");

(b) striking and excluding from consideration, and precluding testimony at trial concerning the April 21, 2022 Declaration of Timothy Riddiough ("Riddiough"), ECF No. [194-4],[2] and the April 22, 2022 Declaration of Harold

---

[1] On page 5 of the Motion, Defendant appears to mistakenly refer to Jacobson's expert report, ECF No. [201-8], as opposed to Jacobson's Declaration, ECF No. [201-16]. *See* ECF No. [221] at 5.

[2] Due to a filing error, this particular filing was not accessible through the Court's CM/ECF system. As such, the Court directed Plaintiff to refile the April 21, 2022 Declaration of Timothy Riddiough. *See* ECF

Martin, ECF No. [194-3], submitted in support of Plaintiff's Opposition to Seaboard Marine's *Daubert* Motion, ECF No. [194] ("*Daubert* Response"); and

(c) striking and excluding from consideration the April 21, 2022 Declaration of Avelino Gonzalez ("Gonzalez"), ECF No. [201-3], and the April 21, 2022 Declaration of Alejandro Auset Domper ("Domper"), ECF No. [201-4], submitted in support of Plaintiff's MSJ Response.

*See* ECF No. [221] at 5. Defendant argues that Plaintiff violated the Court's Scheduling Orders, ECF Nos. [83], [106], and failed to comply with the applicable disclosure rules. *See* ECF No. [221].

Plaintiff responds that the Declarations of Plaintiff's Rule 26 experts and *Daubert* experts should not be excluded because the Rules do not bar supplemental expert declarations that are materially similar to the experts' prior opinions and because Plaintiff is entitled to submit additional expert opinions to respond to Defendant's Motion for Summary Judgment, ECF No. [177] ("Motion for Summary Judgment"), and *Daubert* Motion, ECF No. [178-1] ("*Daubert* Motion"). *See* ECF No. [228]. Plaintiff also argues that the Court has the discretion to consider the Declarations of foreign law experts and Defendant's request to strike the Declarations of foreign law experts is moot in light of the parties' arguments regarding the Motion for Summary Judgment. *See id.*

## II.   LEGAL STANDARD

### A.   Rule 26

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). To make a proper disclosure, parties must disclose the expert's identity "accompanied by a written report." Fed. R. Civ. P. 26(a)(2)(B). The written report must contain an array of information,

---

No. [252]. Plaintiff did so. *See* ECF No. [253]. The Court refers to the original Declaration in this Order after having review the refiled Declaration.

including a "complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and the witness' qualifications, lists of cases where the witness testified as an expert, the expert's fee arrangement, and exhibits used to summarize or support the expert's opinions. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). Expert disclosures must be made at the times and in the sequence that the court orders. *See* Fed. R. Civ. P. 26(a)(2)(D).

Parties must supplement their expert disclosures when required under Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(E). Rule 26(e) imposes a duty on a party to supplement or correct its expert disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed. R. Civ. P. 26(e)(1). Further, for an expert whose report must be disclosed under Rule 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given during the expert's depositions," and any "additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

However, the Eleventh Circuit has affirmed that the supplementation of an expert report "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. Brinkmann Corp.,* No. 1:08-cv-1790-WSD, 2009 WL 4823858 at * 5 (N.D. Ga. Dec. 9, 2009), *aff'd*, 381 F. App'x. 968 (11th Cir. 2010). "[T]he expert disclosure rule is intended to provide opposing parties 'reasonable opportunity to prepare for effective cross examination and perhaps arrange for [rebuttal] expert testimony from

other witnesses.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)).

### B.  Rule 37

If a party violates Rules 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 824). In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citations omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony—

even when they are designated as 'supplemental' reports." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

### C. Rule 44.1

"A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1. Further, "expert testimony may not be invariably necessary." *Dixieben Co. v. Falkenburg*, 737 F. Supp. 1542, 1547 (N.D. Ala. 1990), *aff'd*, 974 F.2d 1348 (11th Cir. 1992). The court may rely upon its own research and any submissions from the parties when considering foreign law. *See Ackermann v. Levine*, 788 F.2d 830, 838 n.7 (2d Cir. 1986). In fact, "federal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination of foreign legal authorities" *Barnett v. S/S VERACRUZ I*, No. 86-178-CIV-T-13(A), 1990 WL 10858625, at *1 (M.D. Fla. Mar. 14, 1990).

## III.   DISUCSSION

### A. Scott Edmonds

Defendant points out that Edmonds' expert report, disclosed on January 11, 2022, ECF No. [178-27] ("Edmonds-1"), discusses a fence on the Angosta Peninsula in the Bay of Mariel and concludes that the Cuban Government did not acquire some of the land east of the fence for the naval air station. *See* ECF No. [221] at 9-10. Edmonds' second expert report disclosed on April 5, 2022, ECF No. [200-12] ("Edmonds-2"), clarifies that some of the statements in Edmonds-1 were Plaintiff's counsel's assumptions as opposed to Edmonds' opinions. In contrast, Edmonds' Declaration dated April 18, 2022, ECF No. [201-5] ("Edmonds-3"), and his Declaration dated

April 21, 2022, ECF No. [201-6] ("Edmonds-4"), contain new opinions about the location of the Mariel Empty Container Depot ("DCV"), the Mariel TCM Container Office ("TCM-Office"), and railway lines. Defendant argues that those new opinions, offered for the first time nearly four (4) months after the January 11, 2022 expert disclosure deadline, are untimely and unduly prejudicial. *See* ECF No. [221] at 10-11.

Plaintiff responds that Edmonds' Declarations are supplemental expert declarations that are materially similar to the opinions he offered in his deposition. *See* ECF No. [228] at 8-9. Further, Plaintiff avers that Defendant misused Edmonds' expert opinions in its Motion for Summary Judgment, and Edmonds is entitled to respond to Defendant's misuse of his opinions. *See id.* Plaintiff points out that Defendant specifically argued in its Motion that "Plaintiff's own expert [Edmonds] agrees" that Defendant did not traffic on the Confiscated Property. *Id.* (quoting ECF No. [177] at 17). Edmonds, therefore, clarifies through his Declarations that Defendant trafficked on the Confiscated Property because the DCV and TCM-Office are located on the Confiscated Property and the only land entrance to the Port of Mariel lies on the railway lines, which are also located on the Confiscated Property. *See id.* at 8. Edmonds' Declarations do not change his methodology or evidence and merely responds to Defendant's arguments. *See id.* at 8-9.

The Court agrees with Defendant. First, it is apparent that Edmonds' Declarations provide new opinions regarding the locations of the DCV, TCM-Office, and the railway lines. *Compare* ECF Nos. [178-27], [200-12], *with* ECF Nos. [201-5], [201-6]. Those locations were not disclosed in Edmonds' prior expert reports. *See* ECF Nos. [178-27], [200-12]. Further, as Defendant correctly points out in its Reply, Plaintiff fails to provide any citation in Edmonds' deposition testimony where he purportedly testified about the location of the DCV, TCM-Office, and the

railway lines. *See* ECF No. [232] at 4-5. As noted above, the Eleventh Circuit has affirmed that the supplementation of an expert report "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran,* 2009 WL 4823858, at * 5. Thus, the Court determines that Plaintiff improperly seeks to introduce new expert opinions after the expert disclosure deadline.

Next, as noted above, courts may admit new expert opinions after the expert disclosure deadline if the untimely disclosure "was substantially justified or [was] harmless." Fed. R. Civ. P. 37(c)(1). In this case, the late disclosure was not substantially justified. Plaintiff's argument that the late disclosure was justified because Defendant misused Edmonds' expert opinions in its Motion for Summary Judgment is unavailing. If Defendant misstated Edmonds' expert reports in its Motion for Summary Judgment, then the Court is certainly capable of making that determination based on the expert reports without the need for additional declarations. Further, Plaintiff provides no other justification for the late disclosure. There is no indication that the buildings and railway lines were not previously discoverable when Edmonds' expert reports were filed.

In addition, the late disclosure was not harmless. Defendant has been deprived of an opportunity to address Edmonds' new opinions by further deposing Edmonds or by retaining additional experts. *See Reese*, 527 F.3d at 1265 (affirming the district court's striking of an untimely disclosed expert's affidavit attached to a response to a motion for summary judgment because the "disclosure of [the expert's] affidavit almost seven weeks after the close of discovery foreclosed the defendants' opportunity to depose [the expert] and to obtain an expert of their own"). To the extent Plaintiff argues that Defendant was on notice of Edmonds' methodology and evidence, the Court notes that such notice does not provide Defendant with a meaningful

opportunity to respond to Edmonds' *new* opinions regarding the locations of the DCV, TCM-Office, and railway lines.

As such, Edmonds' Declarations are stricken.

### B. Douglas Jacobson

Defendant argues that Jacobson's opinion, disclosed on February 9, 2022, ECF No. [201-8] ("Jacobson-1"), was limited to whether Defendant's expert Barbara Linney ("Linney") provided evidence that Defendant's exports to Cuba complied with all requirements of License Exception AGR in the Expert Administration Regulations ("EAR"). *See* ECF No. [221] at 11 (quoting ECF No. [201-8]). Jacobson further testified that the "sole focus" of his opinion was "License Exception AGR." ECF No. [182-9] at 132. However, Jacobson's Declaration dated April 22, 2022, ECF No. [201-16] ("Jacobson-2"), contains new opinions including (i) a statement that Defendant's transportation activity is "not travel or travel-related activity"; (ii) analysis of CACR §§ 515.560 and 515.533(a); (iii) analysis of EAR License Exception GFT; and (iv) analysis of EAR License Exception AVS. Defendant avers that similar to Edmonds' Declarations, Jacobson's Declaration is untimely and unduly prejudicial. *See* ECF No. [221] at 11-13.

Plaintiff responds that Defendant misused Jacobson's expert opinion in its Motion for Summary Judgment and Jacobson is entitled to respond to Defendant's misuse by submitting a "supplemental declaration." ECF No. [228] at 9-11. Moreover, the opinions in Jacobson's Declaration were the subject of his deposition, and Jacobson's Declaration merely adds more details to support his opinion that the lawful travel exception does not apply. *See id.* at 10. As such, Jacobson's Declaration is not improper. *See id.* (citing *Schenone v. Zimmer Holdings, Inc.*, No. 12-CV-1046-J-39MCR, 2014 WL 9879924, at *20 (M.D. Fla. July 30, 2014)). Plaintiff further argues that Jacobson's Declaration is a response to Defendant's President's affidavit regarding

License Exception AVS, submitted after Jacobson's expert report. *See id.* at 10-11 (citing ECF No. [177-1]; *Dickens v. Castle Key Ins. Co.*, No. 13-20300-CIV, 2014 WL 11878438, at *1 (S.D. Fla. Dec. 30, 2014)).

The Court agrees with Defendant. First, it is apparent that Jacobson-2 offers new opinions that were not expressed in Jacobson-1. *Compare* ECF No. [201-8] (offering no opinion on License Exceptions AVS and GFT, analysis of CACR §§ 515.560 and 515.533(a), and travel or travel-related activity), *with* ECF No. [201-16] (offering an opinion on License Exceptions AVS and GFT, analysis of CACR §§ 515.560 and 515.533(a), and travel or travel-related activity). Further, Jacobson's deposition testimony cannot be used as a basis to disclose new opinions, especially when Jacobson testified in the same deposition that the "sole focus" of his opinion was "License Exception AGR." ECF No. [182-9] at 132. Rule 26 requires an expert report containing "a complete statement of *all* opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). Any opinion not contained in Jacobson-1 is a *new* opinion, even if it was discussed in Jacobson's deposition. As such, Jacobson-2 is not a proper supplementation but an untimely disclosed new expert opinion. *See Cochran,* 2009 WL 4823858, at * 5. To the extent that Plaintiff relies on *Schenone*, 2014 WL 9879924, at *20, the Court notes that the case is inapposite. *Schenone* involved an expert who had disclosed "no new opinions or conclusions." *Id.*

Given that Jacobson-2 offers new opinions, the untimely disclosure must be substantially justified or harmless as the Court noted above. *See* Fed. R. Civ. P. 37(c)(1). Although Plaintiff argues that the late disclosure is justified by Defendant misstating Jacobson's expert opinion, in its Motion for Summary Judgment, the Court once again stresses that it is capable of making that

determination based on the expert report without an additional declaration.[3] The Court further notes that the fact that Defendant's President's affidavit concerned License Exception AVS does not justify the late disclosure. Defendant's expert, Linney, opined on License Exception AVS before Defendant's President's testimony. *See* ECF No. [176-2] at 23-24; *see also* ECF No. [182-11]. A fact witness later testifying as to License Exception AVS does not give Jacobson a substantially justified reason to introduce new opinions about License Exception AVS given that Linney already opined on it and Jacobson could have opined on the matter in Jacobson-1. For the same reason, Plaintiff's reliance on *Dickens*, 2014 WL 11878438, at *1, is unavailing. *Dickens* involved an expert who submitted a new supplemental report in response to a new expert report and deposition testimony and based on information that the expert did not have when he had filed his original expert report. Finally, similar to the late disclosure of Edmonds' Declarations, the late disclosure of Jacobson's Declaration is not harmless. Defendant has been deprived of an opportunity to address Jacobson's new opinions by further deposing Jacobson or retaining additional experts.

As such, Jacobson's Declaration is stricken.

### C. Mauricio Tamargo

Defendant argues that Tamargo's opinion, disclosed on February 9, 2022, ECF No. [178-33] ("Tamargo-1"), was limited to rebutting Defendant's expert Amber Diaz's ("Diaz") expert opinion, was in regard to "what materials have been used in the past by the Foreign Claims Settlement Commission ['FCSC'] to determine ownership of property," and concluded that certain "evidence" of Plaintiff's ownership interests were "of the types of evidence that the FCSC looks

---

[3] To the extent that Plaintiff argues that the opinions contained in Jacobson-2 are not new opinions because the same opinions can be found in Jacobson's deposition, the Court notes that Jacobson-2 is unnecessary, and the Court can rely on Jacobson-1 and Jacobson's deposition. Moreover, Plaintiff will not be prejudiced by the striking of Jacobson-2.

to and relies upon" in determining whether to certify a claim. *See* ECF No. [221] at 13. However, in Tamargo's new Declaration submitted on April 25, 2022, ECF No. No. [201-7] ("Tamargo-2"), Tamargo offers new opinions "regarding some of the relevant Exhibits offered by the Plaintiff in her Opposition to Defendant's Motion for Summary Judgment." *Id.* at 4-5. Tamargo-2 opines "as to the appropriateness, and reliability of the use of these documents as proof of ownership of a concession and real property under the standards utilized in claims proceedings before the [FCSC]." *Id.* at 2. Further, when deposed about Tamargo-1, Tamargo testified that he was not offering an interpretation of any confiscatory decree at issue in this case. *See* ECF No. [178-34] at 26 ("Q. You're not offering a legal interpretation of any confiscatory decree in this case, are you? A. No, sir. Q. Did you read the confiscatory decree? A. No, I did not.")). Yet now, in Tamargo-2, Tamargo does exactly that. *See* ECF No. [201-7] at 14 (opining that Resolution No. 436 Confiscatory Decree "is the official Castro government action and announcement of the confiscation of Plaintiff's property and companies, including those companies relevant to this case" and that it would be viewed by the Commission "as not just credible but also of significant probative value.")).

Plaintiff responds that Defendant conflates an opinion on the types of evidence that the FCSC would consider and the legal interpretation of a decree of ownership. *See* ECF No. [228] at 11-12. Tamargo's expert report discusses the types of evidence that the FCSC considers, but he does not offer a legal interpretation of the types of evidence. *See id.* at 11. Tamargo's expert report also does not discuss the legal significance of a decree of ownership. *See id.* Tamargo's Declaration simply expands on the types of evidence that the FCSC considers and opines that the exhibits presented by Plaintiff would have been considered. Tamargo's Declaration does not conclude that the FCSC would have found that Plaintiff has a claim based on the exhibits, but rather concludes

that the FCSC would have considered the exhibits. Further, Plaintiff argues that the late disclosure was substantially justified because Plaintiff is entitled to respond to Defendant's arguments that the FCSC would not have considered the exhibits by relying on her expert from the FCSC rather than relying solely on Plaintiff's counsel's arguments on the matter. *See id.* at 12.

The Court agrees with Defendant. First, upon review of Tamargo-1 and Tamargo-2, it is apparent that Tamargo is offering a new opinion. *Compare* ECF No. [201-7], *with* ECF No. [178-33]. Instead of opining on the types of evidence the FCSC generally considers, as Tamargo did in Tamargo-1, Tamargo opines in Tamargo-2 that the FCSC would have considered particular exhibits and would have assigned some exhibits significant probative value. *See* ECF No. [201-7]. The consideration of particular exhibits is an untimely disclosed new opinion even if Tamargo does not offer a definitive conclusion that FCSC would have certified Plaintiff's claim. *See Cochran,* 2009 WL 4823858, at * 5.

Since Tamargo-2 offers a new opinion, the Court reiterates that the untimely disclosure must be substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Plaintiff's argument that the late disclosure was justified because Plaintiff is entitled to respond to Defendant's arguments in the Motion for Summary Judgment by relying on her expert is unavailing. The Court is unaware of, and Plaintiff fails to cite, any legal authority permitting new undisclosed expert opinions to address arguments raised in a motion for summary judgment. As noted above, Eleventh Circuit precedent indicates otherwise. *See Reese*, 527 F.3d at 1265. Moreover, Plaintiff possessed the exhibits when Tamargo-1 was filed, and Plaintiff provides no reason why the new opinions were not included in Tamargo-1. Next, as with the late disclosure of Edmonds' and Jacobson's Declarations, the late disclosure of Tamargo's Declaration is not harmless. Defendant has been

deprived of an opportunity to address Tamargo's new opinion by further deposing Tamargo or retaining additional experts.

As such, Tamargo's Declaration is stricken.

### D.  Timothy Riddiough and Harold Martin

Defendant argues that Riddiough's Declaration, ECF No. [194-4], and Martin's Declaration, ECF No. [194-3], submitted in response to Defendant's *Daubert* Motion, should be stricken because they are untimely and improper. *See* ECF No. [221] at 15-17. Defendant points out that Plaintiff timely disclosed two experts, Lori Wolin ("Wolin") and Jose Alberro ("Alberro"), and Defendant's *Daubert* Motion challenged both experts' methodology. *See* ECF No. [178-1]. In response, Plaintiff submitted Riddiough and Martin's Declarations to supplement Wolin and Alberro's methodology. Defendant argues that Riddiough and Martin's "supplemental" Declarations are improper and should be struck for merely bolstering defective or problematic expert reports. *See* ECF No. [221] at 8-9 (citing *Guevara v. NCL (Bahamas) Ltd*., 920 F.3d 710, 719 (11th Cir. 2019) ("[A] party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report."); *Thames v. City of Pensacola*, 2005 WL 1876175, at *4, 5 (N.D. Fla. Aug. 1, 2005) (holding that so-called "supplemental" expert declaration is improper, and should be struck, where it "offers a new opinion" or "chang[es] [the] position as set out in [the expert's] report or his deposition testimony.")). Defendant also contends that Riddiough and Martin's Declarations were untimely disclosed. *See id.* at 15-16. Lastly, Defendant submits that Riddiough and Martin's Declarations offer an impermissible legal conclusion, and the Court should conduct its own evaluation of an expert opinion, not look to undisclosed experts' declarations that a disclosed expert's methodology is reliable. *See id.* at 16-17.

Plaintiff responds that Riddiough and Martin's opinions are not being offered to the jury, but rather to assist the Court in deciding Defendant's *Daubert* Motion. *See* ECF No. [228] at 12-13. As such, Rule 26 disclosure requirements do not apply. Further, because Defendant challenged Wolin and Alberro's methodology in a *Daubert* Motion filed three (3) months after the January 11, 2022 expert disclosure deadline, if the January 11, 2022 deadline applied to Riddiough and Martin, then Plaintiff would be required to anticipate Defendant's challenge to Wolin and Alberro's methodology and craft Riddiough and Martin's Declarations in response to a challenge that has not yet been made. *See id.* at 13 (citing *Massachusetts Mut. Life Ins. Co. v. DB Structured Prod., Inc.*, No. CV 11-30039-MGM, 2015 WL 12990692, at *3 (D. Mass. Mar. 31, 2015); *Advanced Analytics, Inc. v. Citigroup Global Markets, Inc.*, 301 F.R.D. 31, 43 (S.D.N.Y. 2014)). Plaintiff further contends that Riddiough and Martin's Declarations properly addresses the issue of reliability, and the Court need not exclude them on the grounds that they offer legal conclusion because the Court is not required to exclude legal conclusions regarding the reliability of expert opinions. Plaintiff points out that the court in *In re Syngenta AG MIR 162 Corn Litig* welcomed such evidence. *See id.* at 14 (citing No. 14-md-2591-JWL, 2017 WL 1738014, at *8-*9 (D. Kan. May 4, 2017)).

Upon review of Riddiough and Martin's Declarations, it is apparent that they are not a supplemental declaration by the originally disclosed experts, Wolin and Alberro, or rebuttal expert reports in response to any of Defendant's experts. Rather, Riddiough and Martin are undisclosed experts who seek to bolster the reliability of Wolin and Alberro's methodology. The Rules do not provide for such declarations. Further, courts in this District have held that affidavits intended to supplement existing expert reports by bolstering expert opinions are improper. The court in *In re Denture Cream Prod. Liab. Litig.*, No. 09-2051-MD, 2012 WL 3639045, at *4 (S.D. Fla. Aug. 23,

2012), stated that "supplementation is not appropriate whenever a party wants to bolster or submit additional expert opinions because to permit such supplementation would reek [*sic*] havoc in docket control and amount to unlimited expert opinion preparation." In *Riley v. Tesla, Inc.*, the court similarly stated that "[c]learly, a party cannot use a supplemental expert report to merely bolster an expert opinion." No. 20-CV-60517, 2022 WL 1486905, at *6 (S.D. Fla. May 11, 2022), *on reconsideration*, No. 20-CV-60517, 2022 WL 2341165 (S.D. Fla. June 29, 2022); *see also Cochran*, 2009 WL 4823858 at * 5 (holding that supplementation of an expert report "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy"). Moreover, given the established precedent set forth by the Eleventh Circuit in affirming *Cochran*, 2009 WL 4823858 at * 5, and applied by the courts in *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 3639045, at *4, and *Riley*, 2022 WL 1486905, at *6, the Court is not persuaded by Plaintiff's reliance on cases from outside the Eleventh Circuit, including *Massachusetts Mut. Life Ins. Co.*, 2015 WL 12990692, at *3, *Advanced Analytics, Inc.*, 301 F.R.D. at 43, and *In re Syngenta AG MIR 162 Corn Litig.*, 2017 WL 1738014, at *8-*9.

As such, Riddiough and Martin's Declarations are improper and are stricken.

### E.  Avelino Gonzalez and Alejandro Domper

Defendant argues that Gonzalez's Declaration regarding Cuban Laws No. 80 and 88, ECF No. [201-3], and Domper's Declaration on Spanish law, ECF No. [201-4], should be stricken because they are untimely for failing to comply with the Court's Scheduling Orders and Plaintiff failed to provide adequate notice under Rule 44.1. *See* ECF No. [221] at 22-23. Defendant points out that Plaintiff's late Rule 44.1 Notice indicated that "Plaintiff only anticipates raising one issue of foreign law: Cuban Law No. 88" with no reference to Cuban Law No. 80 or Spanish law. ECF No. [147].

Plaintiff responds that foreign law experts are governed by Rule 44.1, not Rule 26. As such, Gonzalez and Domper's Declarations are not untimely. *See* ECF No. [228] at 17-18. Plaintiff argues that requiring Gonzalez and Domper's Declarations to be disclosed by the Rule 26 expert disclosure deadline would preclude Plaintiff from relying on her foreign law experts when responding to Defendant's Motion for Summary Judgment that raises foreign law issues. *See id.* at 18. Plaintiff further argues that Defendant's demand to strike Gonzalez and Domper's Declarations is moot. *See id.* at 18-19. According to Plaintiff, Defendant relied on its foreign law expert Diaz to raise an untenable position regarding Cuban law in its Motion for Summary Judgment. Plaintiff thereafter relied on Gonzalez and Domper's Declarations to respond to Defendant's argument and argued in her MSJ Response that Cuban law foreclosed Diaz's interpretation. Since Defendant failed to respond to Plaintiff's argument in its Reply, Defendant abandoned its original position. Therefore, Plaintiff no longer needs to rely on Gonzalez and Domper in response to Defendant's now abandoned argument.

Defendant replies that the purpose of the notice requirement in Rule 44.1 is to give fair notice of foreign legal issues that a party intends to raise. *See* ECF No. [232] at 11. As such, regardless of Rule 26, by failing to provide fair notice under Rule 44.1, Defendant was deprived of an opportunity to conduct discovery on Gonzalez and Domper. *See id.* at 11-12. Further, Defendant contends that it did not abandon its position by not addressing arguments raised by Plaintiff in her MSJ Response. *See id.* at 12.

First, the Court agrees with Defendant that the argument is not moot given that Defendant continues to rely on its foreign law expert Diaz in its Reply, *see* ECF No. [219] at 15 (citing ECF No. [181-1]), indicating that Defendant is not abandoning Diaz's application of foreign law.

Second, the Court agrees with Plaintiff to the extent that Plaintiff is not required to comply with the timing requirements of Rule 26 for Gonzalez and Domper's Declarations. The Court begins with the text of Rule 44.1. As noted above, Rule 44.1 states that "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1. The plain text of Rule 44.1 does not require foreign law experts disclosed under Rule 44.1 to comply with Rule 26.

A review of Gonzalez and Domper's Declarations indicate that they do not present any arguments on questions of fact. Rather, they each discuss the legal scope of a Cuban Government concession under Cuban and Spanish law. As such, Gonzalez and Domper are foreign law experts subject to Rule 44.1, and Rule 44.1 does not require compliance with the disclosure requirements of Rule 26. *See* Fed. R. Civ. P. 44.1, *World Fuel Servs.*, 489 F. Supp. 3d at 1345, *BCCI Holdings*, 184 F.R.D. at 9.

Moreover, case law supports this Court's conclusion. In *World Fuel Servs., Inc. v. M/V PARKGRACHT*, 489 F. Supp. 3d 1340, 1345 (S.D. Fla. 2020), *appeal dismissed*, No. 20-14042-DD, 2021 WL 316122 (11th Cir. Jan. 21, 2021), the plaintiffs argued that the defendant's foreign law expert, Dr. French, should be stricken because the defendant failed to comply with Rule 26 disclosure requirements. In response, the defendant argued that Rule 26 did not apply because Dr. French was a foreign law expert. The court in this district held that because Dr. French was a foreign law expert, Rule 44.1 applied, and Rule 26 did not. *See id.* (holding that "contrary to Plaintiffs' contention, Owner was not required to provide a traditional expert report as required

18

under Rule 26(a)(2)"). Similarly, in *BCCI Holdings (Luxembourg), Societe Anonyme v. Khalil*, 184 F.R.D. 3, 9 (D.D.C. 1999), the court held that Rule 26 did not apply to foreign law experts disclosed under Rule 44.1.

Next, to the extent that Defendant argues that Gonzalez and Domper's Declarations should be stricken because Plaintiff failed to provide adequate notice under Rule 44.1, the Court is again not persuaded. As an initial matter, the Court notes that the text of Rule 44.1 requires notification of a party's reliance on the laws of a "foreign country[.]" Fed. R. Civ. P. 44.1. In this case, Plaintiff states in her Rule 44.1 Notice that "Plaintiff only anticipates raising one issue of foreign law: Cuban Law No. 88." ECF No. [147] at 1. Plaintiff also states as follows:

> If Defendant intends to pursue its defenses that appear to raise foreign law issues, Plaintiff believes the Court should consider the opinions of two foreign law experts, Avelino Gonzalez, Esq., and Alejandro Auset Domper . . . . Plaintiff reserves her right to submit the expert opinions of either or both foreign law experts to respond specifically to any foreign law issue or issues Defendant ultimately pursues, if any.

*Id.* at 3.

Plainly, Plaintiff gave notice of her potential reliance on Cuban law, albeit not expressly citing Cuban law 80. As such, Plaintiff gave sufficient notice of Plaintiff's reliance on Gonzalez's application of Cuban law. However, Plaintiff's Rule 44.1 Notice provides no notice of Plaintiff's reliance on Spanish law. *See id.* As such, Plaintiff's notice is deficient on that basis for failing to give adequate notice of Domper's application of Spanish law. Nonetheless, the Court is unaware of, and Defendant fails to cite, any legal authority requiring the Court to strike Domper's Declaration simply because Plaintiff's Rule 44.1 Notice does not adequately identify the foreign country. Further, the Court finds little reason to strike an expert opinion regarding the application of a potentially relevant foreign country's law. Rule 44.1 is intended to assist the Court on the proper application of foreign law. Thus, striking Domper's Declaration and thereby precluding the Court from considering his potentially helpful expert opinion on the proper interpretation and

application of foreign law would contravene the underlying purpose of Rule 44.1. As such, the Court declines to strike Gonzalez and Domper's Declarations on the basis that Plaintiff failed to provide adequate notice.

Defendant's argument that it was not given sufficient time to conduct discovery on Gonzalez and Domper is similarly unavailing. As noted above, the Eleventh Circuit has affirmed that expert testimony on foreign law is not invariably necessary. *See Dixieben*, 737 F. Supp. at 1547. Further, "federal judges may reject even the uncontradicted conclusions of an expert witness and reach their own decisions on the basis of independent examination of foreign legal authorities." *Barnett*, 1990 WL 10858625, at *1. Given that any discovery on Gonzalez and Domper would simply raise additional arguments on the application of foreign law – arguments that the Court need not rely upon – the Court notes that it is well-equipped to address issues of law without the benefit of additional arguments. Further, Defendant has already provided Diaz's expert opinion, which applies Cuban law to the same issue. Given the existence of Diaz's expert opinion, there is no undue prejudice from Defendant's inability to retain yet another expert to argue for a similar, if not the same, application of Cuban law. As such, Defendant's inability to depose Gonzalez and Domper and retain additional experts is immaterial.

For the same reasons, Defendant's reliance on *Schablonentechnik v. MacDermid Graphic Arts, Inc*., No. 1:02-CV-2585-ODE, 2005 WL 5974438, at *4 (N.D. Ga. June 21, 2005), is unavailing. In *Schablonentechnik*, 2005 WL 5974438, the court was concerned about the potential need to push back the dispositive motions deadline because the court determined that the defendant in that case should be allowed an opportunity to depose the plaintiff's foreign law experts and retain rebuttal experts if the foreign law experts were to be admitted. This Court does not share the

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

same concern, especially considering Diaz's expert opinion that provides a counter to Gonzalez and Domper's Declarations as noted above.

    As such, Defendant's Motion is denied as to this matter.

## IV.   CONCLUSION

    Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [221]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The Declarations of Scott Edmonds, **ECF Nos. [201-5]**, **[201-6]**, are **STRICKEN**.

3. The Declaration of Douglas Jacobson, **ECF No. [201-16]**, is **STRICKEN**.

4. The Declaration of Mauricio Tamargo, **ECF No. [201-7]**, is **STRICKEN**.

5. The Declaration of Timothy Riddiough, **ECF No. [194-4]**, is **STRICKEN**.[4]

6. The Declaration of Harold Martin, **ECF Nos. [194-3]**, is **STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2022.

 

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[4] Plaintiff's refiled Declaration of Timothy Riddiough, ECF No. [253], is similarly stricken.