UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25176-CIV-BLOOM/OTAZO-REYES

ODETTE BLANCO DE FERNANDEZ
Née BLANCO ROSELL,

    Plaintiff,
v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Seaboard Marine, Ltd.'s ("Defendant") Motion for Award of Costs, Notice of Filing Bill of Costs and Supporting Materials, and Memorandum in Support (hereafter, "Motion for Costs") [D.E. 273]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 277]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Costs be GRANTED IN PART.

### PROCEDURAL AND FACTUAL BACKGROUND

On December 202, 2020, Plaintiff Odette Blanco de Fernandez née Blanco Rosell ("Plaintiff") commenced this action against Defendant to recover damages under Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, codified by 22 U.S.C. § 6021, *et seq.* ("Helms-Burton Act"), for its alleged trafficking in property owned by her and her four siblings that was confiscated by the Cuban Government in 1960. See Compl. [D.E. 1]; Am. Compl. [D.E. 45 ¶¶ 4, 66-73].

On April 8, 2022, Defendant moved for summary judgment [D.E. 177]. On August 19,


2022, the Court granted Defendant's Motion for Summary Judgment [D.E. 268] and entered Final Judgment in favor of Defendant [D.E. 270]. On September 1, 2022, Plaintiff filed her Notice of Appeal [D.E. 271].

On September 19, 2022, Defendant filed its Motion for Costs [D.E. 273] as the prevailing party in the action, seeking to recover $58,720.32 in taxable costs; and submitted invoices in support thereof as "Composite Exhibit 3" (hereafter, "Invoices") [D.E. 274]. In her opposition, Plaintiff argues that: the Court should stay Defendant's Motion for Costs pending Plaintiff's appeal of the Final Judgment; or, in the alternative, Defendant's requested amount of $58,720.32 is excessive and improper and should be reduced. See Plf.'s Opposition to Def.'s Motion for Award of Costs ("Response") [D.E. 276 at 1-2].

## DISCUSSION

### I. Entitlement to Costs and Request for Stay

Pursuant to Federal Rule of Civil Procedure 54(d) (hereafter, "Rule 54(d)"), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." See Fed. R. Civ. P. 54(d)(1); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 606 n.8 (2001), superseded by statute on other grounds, Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 ("Courts generally, and this Court in particular . . . have a presumptive rule for costs which the Court in its discretion may vary."). "Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party." Berube v. McCann Aerospace Machining Corp., 486 F. App'x 778, 780 (11th Cir. 2012). In this case, Defendant is clearly the prevailing party given that the Court issued Final Judgment in its favor. See Final Judgment [D.E. 270]. Thus, Defendant is entitled to recover its costs pursuant to Rule 54(d).

Additionally, Plaintiff's bare argument that "the Court may prefer to stay Defendant's Motion pending the outcome of Plaintiff's appeal" fails to present any of the requisite factors for issuing a stay on appeal, namely that: "(1) that [it] is likely to prevail on the merits of any appeal; (2) that [it] will suffer irreparable harm absent a stay or injunction; (3) that the other party will not suffer substantial harm if the stay or injunction is issued; and (4) that the stay or injunction is not adverse to public interest." Tamiami Condo. Warehouse Plaza Ass'n., Inc. v. Markel Am. Ins. Co., 19-CV-21289, 2020 WL 6585873, at *2 (S.D. Fla. Sept. 11, 2020). Moreover, "[w]hile Rule 54(d) does afford the Court discretion to stay collateral matters, such as taxing costs pending an appeal, the Court's regular practice is 'not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.'" Id. Accordingly, the undersigned declines to recommend a stay of the Motion for Costs pending appeal. Therefore, the undersigned proceeds to address the parties' dispute as to the amount of taxable costs.

## II.    Taxable Costs

Section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Pursuant to Section 1920, a court may award the following as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs in excess of those authorized by statute.  <u>Crawford Fitting</u>, 482 U.S. at 445.

In its Motion for Costs, Defendant seeks to recover the following items of costs:

| Expenses and Costs | Amount ($) |
|---|---|
| Fees for service of subpoenas | 602.60 |
| Hearing transcripts | 420.15 |
| Rough draft of transcripts | 4,148.00 |
| Real-time deposition transcripts | 6,241.55 |
| Deposition exhibits | 2,356.05 |
| Original deposition transcripts, including shipping and handling | 18,628.47 |
| Court reporter attendance fees | 5,667.50 |
| Virtual appearance costs | 1,755.00 |
| Videographer services | 12,114.50 |
| Video digitization and transcript synchronization | 5,052.50 |
| Electronically linked exhibits | 1,434.00 |
| Interpretation services | 300.00 |
| **TOTAL:** | **58,720.32** |

<u>See</u> Motion for Costs [D.E. 273]; Invoices [D.E. 274].

Plaintiff does not object to Defendant's request for the following items of costs: fees for service of subpoenas; hearing transcripts; court reporter attendance fees; virtual appearance costs; original deposition transcripts (excluding shipping and handling); and interpretation services.  <u>See</u> Response [D.E. 276 at 7].  Given Plaintiff's non-objection to those items, and upon review of Defendant's submission, the undersigned finds the amounts requested for those items to be reasonable and recoverable.

However, Plaintiff objects to Defendant's request for the following items of costs: rough drafts and real-time deposition transcripts; deposition exhibits and electronically linked exhibits; expedited shipping and handling of original transcripts; videographer services; and video digitization and transcript synchronization.  The undersigned addresses these contested items of costs below.

1.  Rough drafts and real-time deposition transcripts

Defendant seeks $4,148.00 for "rough drafts of deposition transcripts" and ASCII files; and $6,241.55 for "real-time deposition transcripts". See Motion for Costs [D.E. 273 at 6]; Bill of Costs [D.E. 273-2 at 2]. Plaintiff argues that the costs for rough drafts and real-time transcripts are non-taxable because they were incurred merely for the convenience of counsel. See Response [D.E. 276 at 2-3]. As noted above, Plaintiff does not dispute the taxability of costs for original deposition transcripts. See id. at 3, 7.

Costs associated with deposition transcripts are "generally not recoverable unless the moving party can demonstrate that the items were necessary and not merely ordered for the convenience of counsel." Nelson v. N. Broward Med. Ctr., No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Thus, "ancillary costs related to deposition transcripts" such as "multiple copies of a deposition transcript" are "generally not recoverable." Barrera v. Weiss & Woolrich Southern, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); see also Univ. of Miami v. Intuitive Surgical, Inc., 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007) ("stenographic transcript and videotape of the same deposition, copies of transcript exhibits, . . . and ASCII's" are generally not recoverable).

Here, Defendant's Bill of Costs [D.E. 273-2] and Invoices [D.E. 274] show that for nearly every deposition taken by Defendant, Defendant incurred costs for a rough draft of the transcript, a real-time deposition transcript, and an original certified copy, all for the same deposition. See generally Bill of Costs [D.E. 273-2]; Invoices [D.E. 274-1]. Defendant thus seeks to recover costs for obtaining the same deposition transcript in multiple formats for nearly every deposition it took. The only justification for these costs offered by Defendant is that they were "necessary given the number of depositions compressed into a short period before the close of discovery". See Reply

[D.E. 278]. However, courts have previously found that costs for expedited transcripts may only be deemed necessary and therefore, recoverable, when they were requested "within 30 days of the start of trial", or within 30 days before the cut off for pretrial motions and memoranda, not the close of discovery as Defendant suggests. Barrera, 900 F. Supp. 2d at 1335. Therefore, the undersigned does not find Defendant's explanation sufficient to move the costs for rough draft and real-time transcripts from the "convenience of counsel" category to the "necessarily obtained for use" category. In any event, Defendant is not entitled to recover costs for multiple forms of the same deposition record. See id. ("In instances where both the transcript and additional copies or forms (including, but not necessarily limited to condensed transcripts and digital copies of transcripts such as ASC II disks) were obtained, Defendants should recover only the costs of a single copy of the deposition transcript."). Thus, Defendant may recover costs for the original transcripts but may not recover the requested $6,241.55 fees for real-time deposition transcripts or the requested $4,148.00 fees for rough draft deposition transcripts.

2. Deposition exhibits and electronically linked exhibits

Defendant seeks to recover $2,356.05 for copies of deposition exhibits that Defendant maintains were "unique documents marked by the deponent during deposition" such as map locations that "played a critical role in this case, and were ultimately a basis for the Court's summary judgment ruling in favor of [Defendant]." Reply [D.E. 278 at 5]. "Copies of [deposition] exhibits are not generally recoverable unless the moving party can show that the copies were necessary." Feise v. N. Broward Hosp. Dist., 14-cv-61556, 2017 WL 3315144, at *2 (S.D. Fla. Aug. 3, 2017). Here, Defendant has shown that copies of deposition exhibits were indeed necessary and Plaintiff has not adequately refuted this contention; therefore, Plaintiff fails to meet its "burden of showing that [these] specific deposition costs . . . w[ere] not necessary for use in the

case." MSPA Claims 1, LLC v. Covington Specialty Ins. Co., 19-21583-CIV, 2021 WL 6926415, at *4 (S.D. Fla. Sept. 28, 2021).  Moreover, Defendant is entitled to recover the costs for copies of exhibits used in the depositions taken by Plaintiff's counsel (*i.e.*, the depositions of Plaintiff, Ambar Diaz, and Piero Buitano).  See Reply [D.E. 278 at 6]; Invoices [D.E. 274-1]; see also Feise, 2017 WL 3315144, at *2 ("Costs for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party.").  Therefore, Defendant may recover the requested $2,356.05 in costs for copies of deposition exhibits.

Defendant also seeks to recover $1,434.00 in costs for electronically linked exhibits.  See Motion for Costs [D.E. 273 at 7].  "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel."  Nelson, 2014 WL 2195157, at *3.  Additionally, Section 1920 "does not allow for the taxation of the printed *and* electronic version of the same transcript."  Feise, 2017 WL 3315144, at *3 (emphasis in original).  Here, Defendant provides no explanation as to why both copies of exhibits and electronically linked exhibits were necessary.  Given this lack of explanation, the $1,434.00 in costs attributable to electronically linked exhibits are not recoverable.

3. Expedited shipping and handling charges for original deposition transcripts

"[T]here is a split in this circuit regarding the taxability of transcript postage, handling, and shipping expenses." See Feise, 2017 WL 3315144, at *2 (citing Suarez v. Tremont Towing, Inc., No. 07-21420-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008); Univ. of Miami, 2007 WL 781912, n.4 (S.D. Fla. Mar. 13, 2007)).  However, this Court has previously held that "delivery charges are recoverable based on the rationale that postage, handling and shipping expenses are part of the 'fees' of the printed transcript."  Id.  Defendant seeks to recover shipping and handling

7

charges for copies of the original deposition transcripts with rates ranging from $3.35 to $9.90 per page. See Invoices [D.E. 274-1]. Plaintiff argues that Defendant should only be allowed to recover a standard-rate delivery charge of $3.35 per page rather than what Plaintiff identifies as "expedited delivery charges", ranging from $3.65 to $9.90 per page, because such charges are convenience costs rather than costs of necessity. See Response [D.E. 276 at 3] (citing Invoices [D.E. 274-1 at 2, 7, 11, 12, 60–62]). However, Plaintiff offers no support for her contention that the standard-rate delivery was $3.35 per page or that the rates charged above that price were expedited-delivery rates. See Response [D.E. 276 at 3]. On the contrary, the Invoices reflect non-expedited delivery charges for all but two depositions: the first, a $9.90 per-page rate for a "Next Business Day Delivery" charge for the transcript of Plaintiff's December 17, 2021, deposition [D.E. 274-1 at 2]; the second, a $5.36 per-page rate for a "5 Business Day Delivery Copy" charge for the deposition of Bruce Brecheisen [D.E. 274-1 at 5]. Thus, Defendant incurred expedited delivery charges for only two depositions, while the remaining rates ranging from $3.35 to $5.55 reflect standard-rate delivery charged by different vendors on different dates. See generally Invoices [D.E. 274-2]. Therefore, only the two depositions that incurred expedited charges are at issue, for a cumulative total of $2,987.62 are in dispute. See id. at 2, 5.

Although shipping and handling expenses are "subsumed within the word 'fees'" for printed transcripts, the undersigned finds that expedited shipping and handling rates are not subsumed within the standard fees for printed transcripts and are convenience costs that are not taxable. See id. Moreover, the undersigned finds Defendant has failed to justify why expedited shipping and handling costs were anything other than costs incurred for counsel's convenience. See, e.g., Torres v. Carnival Corp.,12-23370-CIV, 2014 WL 11878361, *2 (S.D. Fla. Sept. 16, 2014) ("Costs to expedite delivery are not recoverable if they were 'merely incurred for

8

convenience, to aid in thorough preparation, or for purposes of investigation only.'") (citation omitted). Accordingly, the costs for expedited delivery are excluded from the costs award, thereby the undersigned will subtract $2,987.62 from Defendant's total request of $18,628.47 for original deposition transcripts and their delivery, for an adjusted total of $15,640.85.

    4. <u>Videographer services, video digitization, and transcript synchronization</u>

Defendant seeks to recover $12,114.50 in costs for videographer services and $5,052.50 in costs for video digitization and transcript synchronization. <u>See</u> Motion for Costs [D.E. 273 at 6-7]; Bill of Costs [D.E. 273-2]. "[W]hen a party notices a deposition to be recorded by . . . both stenographic and means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." <u>Morrison v. Reichhold Chems., Inc.</u>, 97 F.3d 460, 465 (11th Cir. 1996). However, to tax costs for both transcripts and videotapes of a deposition, the prevailing party must explain why both means of recording the deposition were necessary. <u>Powell v. The Home Depot, U.S.A., Inc.</u>, No. 07-80435-CIV, 2010 WL 4116488, at *6 (S.D. Fla. Sept. 14, 2010) (citing <u>Morrison</u>, 97 F.3d at 465); <u>see also</u> <u>Perfect Web Techs., Inc. v. Infousa, Inc.</u>, No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) ("[W]here reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary."). To explain why a videotaped deposition was necessary, Defendant must show "a deponent [was] uncooperative or has failed to appear at a prior court proceeding. There must be, in other words, an adequate reason as to why the attendance of a witness is uncertain." <u>Rubinstein v. Keshet Inter Vivos Tr.</u>, 17-CIV-61019, 2019 WL 8275157, at *5 (S.D. Fla. Dec. 17, 2019).

Defendant maintains that for each of the twelve (12) depositions for which it seeks to recover costs for videographer services, such costs were necessary because Defendant felt it was

9

"vital" to its defense "for the jury to assess for itself the credibility" of all twelve witnesses, including Plaintiff, her niece, and Plaintiff's expert witnesses. See Reply [D.E. 278 at 8]. This broad explanation fails to satisfy the requirement in this district that the defendant show a deponent was "uncooperative" or whose attendance "is uncertain." See Rubinstein, 2019 WL 8275157, at *5. The only witness for whom Defendant satisfied this standard is Plaintiff, given her age of 92 years old at the time of her deposition and her repeated opposition to continuing trial because of her age. Therefore, Plaintiff's attendance at later court proceedings was arguably uncertain and Defendant may only recover the costs for videographer services incurred for the deposition of Plaintiff. Thus, the $12,114.50 in videographer services sought by Defendant is reduced to $1,057.50. See Bill of Costs [D.E. 273-2 at 5].

Defendant also seeks $5,052.50 in costs for video digitization and transcript synchronization for ten (ten) depositions. See Motion for Costs [D.E. 273 at 7]. As justification, Defendant argues that these costs were necessarily incurred because "credibility was an issue for a number of deposed witnesses" and that, despite the case not proceeding to trial, "it [was] highly likely that portions of those deponents' video testimony would have been presented to the jury for consideration" and would have assisted the Court in ruling on the parties' testimony excerpts to be played." See Reply [D.E. 278 at 9]. However, this explanation fails to meet the Rubinstein standard that videotaped deposition costs are only taxable where a witness was uncooperative or unlikely to appear at a proceeding. Rubinstein, 2019 WL 8275157, at *5. Moreover, the need to use a videotaped deposition for impeachment or for a jury to assess credibility, does not "demonstrate the necessity for obtaining both the stenographically transcribed and videotaped copies of depositions" as Defendant did here. See Thermoset Corp. v. Bldg. Materials Corp. of Am., 14-cv-60268, 2015 WL 11197752, at *7 (S.D. Fla. Dec. 29, 2015). Therefore, the $5,052.50

in costs attributable to the video digitization and transcript synchronization of the depositions are not recoverable.

Applying the foregoing reductions results in the following costs computation:

| **Expenses and Costs** | **Requested ($)** | **Allowed ($)** |
|---|---|---|
| Service of subpoenas | 602.60 | 602.60 |
| Hearing transcripts | 420.15 | 420.15 |
| Rough draft of transcripts | 4,148.00 | 0 |
| Real-time deposition transcripts | 6,241.55 | 0 |
| Deposition exhibits | 2,356.05 | 2,356.05 |
| Original deposition transcripts, including shipping and handling | 18,628.47 | 15,640.85 |
| Court reporter attendance | 5,667.50 | 5,667.50 |
| Virtual appearance costs | 1,755.00 | 1,755.00 |
| Videographer services | 12,114.50 | 1,057.50 |
| Video digitization and transcript synchronization | 5,052.50 | 0 |
| Electronically linked exhibits | 1,434.00 | 0 |
| Interpretation Services | 300.00 | 300.00 |
| **TOTAL:** | **58,720.32** | **27,799.65** |

**RECOMMENDATION**

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion for Costs [D.E. 273] be GRANTED IN PART, and that Defendant be awarded $27,799.65 in taxable costs as the prevailing party in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 2nd day of February, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Beth Bloom
     Counsel of Record