UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-25176-CIV-BLOOM/OTAZO-REYES

ODETTE BLANCO DE FERNANDEZ
Née BLANCO ROSELL,

    Plaintiff,
v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Odette Blanco de Fernandez née Blanco Rosell's ("Plaintiff") Motion to Compel Payment of Expert Fees (hereafter, "Motion for Expert Fees" or "Motion") [D.E. 279]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 283]. The undersigned held a hearing on this matter on November 30, 2022 (hereafter, "Hearing"). See Paperless Minute Entry [D.E. 293]. For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion for Expert Fees be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 202, 2020, Plaintiff commenced this action against Defendant, Seaboard Marine, Ltd. ("Defendant"), to recover damages under Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, codified by 22 U.S.C. § 6021, *et seq.* ("Helms-Burton Act"), for its alleged trafficking in property owned by her and her four siblings that was confiscated by the Cuban Government in 1960. See Compl. [D.E. 1]; Am. Compl. [D.E. 45 ¶¶ 4, 66-73].

On April 8, 2022, Defendant moved for summary judgment [D.E. 177]. On August 19,

2022, the Court granted Defendant's Motion for Summary Judgment [D.E. 268] and entered Final Judgment in favor of Defendant [D.E. 270]. On September 1, 2022, Plaintiff filed her Notice of Appeal [D.E. 271].

On October 17, 2022, Plaintiff filed her Motion for Expert Fees seeking to recover $76,255.52 in expert deposition fees for ten (10) expert witnesses. See Motion [D.E. 279].[1] In opposition, Defendant argues that: (1) Plaintiff's Motion for Expert Fees is untimely because Plaintiff should have "made her claim for fees within 15 days of the deposition for which she seeks to recover expert fees" pursuant to the Court's Order Setting Trial and Pre-trial Schedule (hereafter, "Scheduling Order") [D.E. 43]; (2) awarding the requested fees would result in manifest injustice; and (3) alternatively, the amount of expert fees Plaintiff seeks is unreasonable. See Def.'s Opposition to Motion ("Response") [D.E. 282 at 2-6].

## APPLICABLE LAW

Rule 26 of the Federal Rules of Civil Procedure (hereafter, "Rule 26") governs the payment of fees for an expert's deposition who may testify at trial. See Fed. R. Civ. P. 26(b)(4)(A). Under Rule 26(b)(4)(e), "unless manifest injustice would result, the court must require that a party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) . . . ." Fed. R. Civ. P. 26(b)(4)(e)(i). In evaluating the reasonableness of an expert's fee, courts consider the following factors:

> (1) [T]he witness's areas of expertise; (2) the education and training that is required to provide the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery sought; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert retaining the party; (7) the fee traditionally charged by the expert on related matters; and (8) any other factor likely to be of assistance to the court in balancing the parties' respective interests.

---

[1] Based on Plaintiff's breakdown of fees in Exhibit A to the Motion [D.E. 279-1], this total figure is overstated by one penny. The undersigned's chart below reflects the correct total figure.

2

FCOA, LLC v. Foremost Title & Escrow Servs., LLC, No. 17-CIV-23971, 2019 WL 1318361, at *1 (S.D. Fla. March 20, 2019) (citation omitted).  Moreover, "'the party seeking reimbursement of deposition fees bears the burden of proving reasonableness.'" Id. (citing Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003)).  However, courts have ultimate authority to "reduce experts' fees when those fees are found to be excessive." Id.

## DISCUSSION

### I.  Timeliness

As noted above, Plaintiff seeks $76,255.52 in expert deposition fees for ten (10) expert witnesses pursuant to Rule 26.  See Motion [D.E. 279 at 1–2].  Defendant opposes Plaintiff's entitlement on the grounds that Plaintiff failed to comply with the Court's Scheduling Order [D.E. 43] governing discovery disputes.

The Court's Scheduling Order specifies that, with respect to unresolved discovery disputes, "[t]he moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief by contacting Judge Otazo-Reyes' Chambers and requesting a hearing." See Scheduling Order [D.E. 43 at 6].  Defendant relies on this portion of the Scheduling Order to argue that Plaintiff abandoned her right to recover any expert fees because she failed to claim entitlement to expert deposition fees within 15 days of each expert's deposition.  See Response [D.E. 282 at 2]. However, Plaintiff's analogy to a "discovery dispute" contemplated by the Scheduling Order is inapposite.  As noted above, Rule 26 requires that the party seeking discovery "must" pay the expert a reasonable fee for time spent in responding to discovery.  Fed. R. Civ. P. 26(b)(4)(e)(i). Moreover, Rule 26 does not require Plaintiff to seek expert fees during discovery.  See id.; see also Se-Kure Controls, Inc. v. Vanguard Prod. Grp., Inc., 873 F. Supp. 2d 939, 953 (N.D. Ill., 2012) (courts have "allowed a losing party to recover expert witness fees post-judgment pursuant to Rule

26(b)(4)(E)"). Therefore, the undersigned finds no merit in Defendant's timeliness argument and proceeds to address Plaintiff's entitlement to recover expert witness fees.

## II.     Manifest Injustice

Defendant further argues that it would be "manifestly unjust" to "pay fees for ten of Plaintiff's experts where it was Plaintiff's decision to retain and disclose an excessive number of experts" in a claim that ultimately failed at summary judgment.  See Response [D.E. 282 at 4]. However, courts have routinely found that "[t]he manifest injustice standard is a stringent one", wherein the court "must find that the party is either indigent or that requiring him to pay [for expert deposition fees] would create an undue hardship."  Morales-Arcadio v. Shannon Produce Farm, Inc., No. CV605-062, 2007 WL 9709805, at *1 (S.D. Ga. Nov. 14, 2007) (quotation marks and citation omitted).  Because Defendant does not contend that it is indigent or that paying Plaintiff's expert witness fees would create an undue financial hardship, Defendant has failed to meet the stringent standard for showing "manifest injustice" under Rule 26.  Therefore, Plaintiff is entitled to recover expert witness fees.  The undesigned next addresses the reasonableness of those fees.

## III.    Reasonableness of Fees

"An expert is entitled to compensation for time he [or she] spent in preparation for a deposition."  Morales-Arcadio, 2007 WL 9709805, at *3.  "When determining a reasonable fee, a balance is necessary between enabling a party to attract competent experts and ensuring that the inquiring party 'will not be unfairly burdened by excessive ransoms which produce windfalls for [the other party's] experts.'"  Roca Labs, Inc. v. Consumer Op., Corp., No. 8:14-CV-2096-T-33EAJ, 2015 WL 12844308, at *2 (M.D. Fla. July 23, 2015) (citation omitted).  Where an expert "proposes to charge an unreasonable fee, however, the court may limit the amount the expert may charge."  Dobson v. Matrixx Initiatives, Inc., No. 05-80984-CIV, 2007 WL 842130, at *3 (S.D.

Fla. Mar. 20, 2007). Thus, the determination of a "'reasonable fee' lies within the Court's sound discretion." Id.

Plaintiff requests a total of $76,255.52 in fees for the depositions of ten experts. See Motion [D.E. 279 at 1–2]. The undersigned addresses the reasonableness of deposition fees associated with each expert below.

**1. Susan Klavens Hutner, Esq. ("Attorney Hutner")**

For Attorney Hutner, Plaintiff seeks to recover 7.12 hours of deposition time, 1.3 hours for deposition preparation time, and 3.9 hours of review time, at an hourly rate of $650. See Motion [D.E. 279 at 6]. Defendant argues that Plaintiff's request for Attorney Hutner's fees should be denied in full because "Plaintiff does not offer any support for the reasonableness of [her] hourly rate" and because Plaintiff fails to "support the deposition preparation and review time portions of [Attorney Hutner's] expert fees". See Response [D.E. 282 at 13]. Alternatively, Defendant argues that Attorney Hutner's time should be reduced to 5.09 hours of deposition time, no preparation time, and 2.35 hours of review time, for a total of no more than $4,836.00 at her hourly rate of $650. See id. at 14.

According to Plaintiff, Attorney Hutner offered rebuttal testimony to Defendant's expert, Barbara Linney, regarding whether Defendant's export of goods to Cuba constituted "transactions incident to travel" under the Helms-Burton Act. See Motion [D.E. 279 at 7]. Attorney Hutner's credentials include a 35-year career as an attorney working primarily for the U.S. Treasury Department, twelve years of which were spent in the Office of the Chief of Counsel to the Office of Foreign Assets Control ("OFAC"), followed by seven years in private practice handling economic sanctions matters. Id. at 6–7. Contrary to Defendant's argument, Attorney Hutner's extensive experience in these relevant areas of expertise, as well as the nature of her testimony,

are sufficient to support a fee award for her. However, having considered the parties' arguments and applying her own experience and knowledge of the matter, the undersigned concludes that Attorney Hutner's hourly rate of $650 is excessive and reduces it to $500. See FCOA, 2019 WL 1318361, at *1 ("Courts have authority to reduce experts' fees when those fees are found to be excessive."); Dobson v. Matrixx Initiatives, Inc., 2007 WL 842130, at *3 (determination of a "'reasonable fee' lies within the Court's sound discretion").

As for Attorney Hutner's deposition time of 7.12 hours, Plaintiff argues that it should be reduced to 5.09 hours to account for "hours off the record". See Response [D.E. 282 at 13]. However, because Attorney Hutner was required to be available "not just during actual questioning but also during various breaks", the "hours off the record" are part of the relevant deposition time. See Auto. Rentals, Inc. v. Keith Huber, Inc., No. 1:10CV385, 2012 WL 12854841, at *1 (S.D. Miss. Jan. 10, 2012) (awarding breaks as part of the expert's deposition time). Therefore, Plaintiff is entitled to recover the full 7.12 hours of deposition time for Attorney Hutner.

With respect to Attorney Hutner's preparation time of 1.3 hours, her invoice does not provide any detail other than "Review documents" and "Teleconference with M. White, D. Baron, P. Bechky". See Attorney Hutner Invoice [D.E. 279-13 at 3]. The undersigned finds these entries do not sufficiently detail the time Attorney Hutner spent on deposition preparation and concludes that this time is not compensable. See, e.g., SP Tech., LLC v. Garmin Int'l, Inc., No. 08 CV 3248, 2014 WL 300987, at *8 (N.D. Ill. Jan. 10., 2014) (fees may be denied "[i]n the absence of a sufficiently detailed explanation of the appropriateness of the time spent on deposition preparation"); FCOA, 2019 WL 1318361, at *1 ("[T]he party seeking reimbursement of deposition fees bears the burden of proving reasonableness").

Lastly, Attorney Hutner spent 3.9 hours reviewing her 188-page long deposition transcript.

See Motion, Exh. M [D.E. 279-13 at 2]. Defendant argues that this review time is excessive and should be reduced to 2.35 hours. For this argument, Defendant relies on FCOA, wherein the court found that 2 hours was sufficient to review a 160-page transcript and prepare an errata sheet. See FCOA, 2019 WL 1318361, at *3. The undersigned agrees that 3.9 hours for reviewing a 188-page transcript and preparing an errata sheet are excessive and adopts Defendant's proposed reduction to 2.35 hours of review time for Attorney Hutner.

Thus, Plaintiff is entitled to recover for Attorney Hutner 7.12 hours of deposition time and 2.35 hours of review time, at an hourly rate of $500, for a total expert deposition fee of $4,735.00.

**2. Douglas N. Jacobson, Esq. ("Attorney Jacobson")**

For Attorney Jacobson, Plaintiff seeks to recover 4.53 hours of deposition time, 1.2 hours of preparation time, and 1.8 hours of review time, at an hourly rate of $575. At the Hearing, Defendant argued that Attorney Jacobson's testimony was duplicative of Attorney Hutner's and thus, this fee request should be denied in full. In response, Plaintiff's counsel conceded that Attorney Hutner and Attorney Jacobson both gave similar testimony to rebut Defendant's expert, Barbara Linney. In light of this concession, and given Plaintiff's recovery for Attorney Hutner, the undersigned concludes that Plaintiff is not entitled to recover expert deposition fees for Attorney Jacobson.

**3. Dr. Jaime Suchlicki ("Dr. Suchlicki")**

Plaintiff seeks to recover 4 hours of deposition time for Dr. Suchliki at an hourly rate of $500.00, for a total of $2,000. See Motion [D.E. 279 at 4]. Defendant does not dispute the reasonableness of Dr. Suchliki's fee or the length of his deposition. See Response [D.E. 285 at 9]. Thus, Plaintiff is entitled to recover to recover for Dr. Suchliki a total expert deposition fee of $2,000.

### 4. Dr. Jean-Paul Rodrigue ("Dr. Rodrigue")

For Dr. Rodrigue, Plaintiff seeks to recover 6.15 hours of deposition time at a rate of $690 and 2.25 hours for preparation time at a rate of $600. See Motion [D.E. 279 at 5]. Defendant argues that the fee request for Dr. Rodrigue should be denied in full because Plaintiff fails to support the reasonable hourly rates or time spent on deposition preparation. See Response [D.E. 282 at 10]. However, the undersigned finds that Plaintiff's arguments do not support such a wholesale denial given Rule 26's mandate that the party seeking discovery must pay a reasonable fee to the responding party's expert. See Fed. R. Civ. P. 26(b)(4)(c). Therefore, the undersigned turns to the reasonableness of the fee amount sought by Plaintiff for Dr. Rodrigue.

Defendant alternatively argues that Dr. Rodrigue's deposition time should be reduced to 4.85 hours to account for breaks and other "off the record" time. See Response [D.E. 282 at 11]. However, breaks and time off the record are necessarily compensable given that Dr. Rodrigue was required to be present during breaks. See Auto. Rentals, Inc., 2012 WL 12854841, at *1. Thus, there is no basis for reducing Dr. Rodrigue's 6.15 hours of deposition time. Moreover, Defendant does not oppose Dr. Rodrigue's 2.25 hours of deposition preparation time.

However, given Dr. Rodrigue's background as a professor of global studies and geography at Hofstra University, and applying the undersigned's experience, Dr. Rodrigue's hourly rates of $690 for deposition testimony and $600 for deposition preparation are excessive; therefore, the undersigned reduces his hourly rate to $500 for both tasks.

Accordingly, Plaintiff is entitled to recover 6.15 hours of deposition time and 2.25 hours for preparation for Dr. Rodrigue, at an hourly rate of $500, for a total expert deposition fee of $4,200.00.

8

### 5. Mauricio Tamargo, Esq. ("Attorney Tamargo")

For Attorney Tamargo, Plaintiff seeks to recover 7.9 hours of deposition time, 3.25 hours for deposition preparation, and 2 hours of review time, at an hourly rate of $875. See id. at 6. Defendant argues that the entire fee request for Attorney Tamargo should be denied because Plaintiff failed to offer any support for the hourly rate or preparation and review times. See Response [D.E. 282 at 11–12]. However, the undersigned declines to impose a wholesale denial of recovery for Attorney Tamargo's fees, see Fed. R. Civ. P. 26(b)(4)(c), and instead turns to Defendant's alternative argument that his hourly rate of $875 is excessive.

According to Plaintiff, Attorney Tamargo provided rebuttal testimony to Defendant's expert, Ambar Diaz. See Motion [D.E. 279 at 5]. Attorney Tamargo's experience includes serving as the Chairman of the Foreign Claims Settlement Commission (hereafter, "FCSC") from 2002 to 2010, during which time he presided over the Second Cuban Claims Program. Id. Notwithstanding these credentials, Defendant proposes a reduced hourly rate of $250 for Attorney Tamargo. See Response [D.E. 282 at 13]. Having considered the parties' arguments and applying her own experience and knowledge of the matter, the undersigned concludes that Attorney Tamargo's hourly rate of $875 is excessive but only reduces it to $500. See FCOA, 2019 WL 1318361, at *1 ("Courts have authority to reduce experts' fees when those fees are found to be excessive.").

With respect to the number of hours for Attorney Tamargo, Defendant argues that his deposition time should be reduced from 7.9 hours to 6.6 hours to account for time "off the record." See Response [D.E. 282 at 12]. As with the previous experts discussed above, the undersigned rejects this argument and finds Attorney Tamargo should be compensated for the full 7.9 hours he

9

spent in deposition. With respect to Attorney Tamargo's preparation time, Defendant argues that it should be reduced from 3.25 hours to 1.25 hours to account for two hours he spent researching and reviewing FCSC claims, as as outside the scope of testimony provided by its expert. See id. at 12–13. Plaintiff does not refute that FSCS claims were beyond the scope of rebuttal testimony and instead argues that the two hours spent on researching those claims were reasonable in preparing for an 8-hour deposition. See Reply [D.E. 285 at 10]. However, this argument ignores consideration of the proper scope of rebuttal testimony for Attorney Tamargo is assessing the reasonableness of his preparation time. See FCOA, 2019 WL 1318361, at *2 (while an expert is entitled to compensation for time spent preparing for depositions, this does not mean "that the time spent preparing for the depositions was necessarily reasonable"). Therefore, Attorney Tamargo's preparation time is reduced to 1.25 hours. Defendant does not oppose Attorney Tamargo's 2 hours of review time. Id.

Accordingly, Plaintiff is entitled to recover for Attorney Tamargo 7.9 hours of deposition time, 1.25 hours of preparation time, and 2 hours of review time, at an hourly rate of $500, for a total expert deposition fee of $5,575.00.

### 6. Ambassador Nathan Sales ("Ambassador Sales")

For Ambassador Sales, Plaintiff seeks to recover 1.42 hours of deposition time, 5.25 hours for deposition preparation, and 3 hours of review time, at an hourly rate of $875. See Motion [D.E. 279 at 7–8]. Defendant argues that Plaintiff's fee request for Ambassador Sales should be totally denied because Plaintiff offers no explanation for the reasonableness of Ambassador Sales' hourly rate. See Response [D.E. 282 at 14]. However, applying her experience and knowledge of the case, the undersigned finds that an hourly rate of $500 for Ambassador Sales is reasonable and rejects Defendant's argument for a wholesale denial of a fee award as to him.

Alternatively, Defendant does not object to the 1.42 hours Ambassador Sales billed for deposition time. Id. at 15. However, with respect to preparation time, Defendant argues that Ambassador Sales' time should be reduced from 5.25 hours to 2.13 hours. Defendant relies for this argument on Stevens v. CoreLogic, Inc., No. 14-cv1158, 2016 WL 8729928, at *5 (S.D. Cal. May 6, 2016), wherein the court held that 1.5 times the deposition time is a reasonable multiplier for preparation time where the expert deposition was held shortly after the preparation of the expert report. On the other hand, Plaintiff argues that a 3-to-1 ratio of preparation to deposition time is more appropriate and has been permitted by courts in other districts. See Reply [D.E. 285 at 11 n.9] (citing Flaherty v. Connecticut, No. 3:04 CV 2140, 2006 WL 4475013, at *2 (D. Conn. Aug. 23, 2006) as one example in which courts have awarded preparation fees based on a "ratio of three-to-one").

Considering these out-of-district cases, the undersigned finds that here a 1.5 multiplier as argued by Defendant is more reasonable than a 3-to-1 ratio. According to Plaintiff, Ambassador Sales provided rebuttal testimony to defense expert, Barbara Linney, on whether Defendant's shipments were lawful and in compliance with U.S. foreign policy, specifically the Trade Sanctions Reform and Export Enhancement Act of 2000 ("TSRA"), 22 U.S.C. § 7201. See Motion [D.E. 279 at 7]; Reply [D.E. 285 at 10]. While the nature of this testimony required a specialized expertise, Ambassador Sales was already highly specialized and familiar with this scope of testimony from his experience as Coordinator for Counterterrorism at the U.S. Department of State and his role as principal advisor to the Secretary of State on international counterterrorism matters. See Motion [D.E. 279 at 7]. Therefore, in light of his background and apparent familiarity with the foreign policy matters applicable to this case, the undersigned reduces Ambassador Sales' preparation time from 5.25 hours to 2.13 hours.

With respect to the 3 hours Ambassador Sales billed for reviewing a 49-page transcript, the undersigned finds this to be excessive and adopts Defendant's proposed reduction to 0.6 hours for review time.  See, e.g., FCOA, 2019 WL 1318361, at *3 (2 hours is reasonable for review of a 160-page transcript and preparation of errata).

Accordingly, Plaintiff is entitled to recover for Ambassador Sales 1.42 hours of deposition time, 2.13 hours of preparation time, and 0.6 hours of review time, at an hourly rate of $500, for a total expert deposition fee of $2,075.00.

### 7. Dr. Matthew Levitt ("Dr. Levitt")

Plaintiff seeks to recover 5.1 hours of deposition time and 3.0 hours for preparation at an hourly rate of $550 for Dr. Levitt, for a total of $4,455.00 in fees.  See Motion [D.E. 279 at 8].  According to Plaintiff, Dr. Levitt was retained to address "the circumstances that gave rise to one of Congress' stated concerns in enacting the Helms-Burton Act, including Cuban support for international terrorism".  See Motion [D.E. 279 at 8].  However, during his deposition, Dr. Levitt testified that his "report was not on Helms-Burton" and that his opinion was "on the issue of connections to specific individuals with ties to Lebanese Hezbollah" and that he did not have any expertise on Helms-Burton "or on Cuba".  See Dr. Levitt Depo. Tr. [D.E. 178-24 at 19:9-14].[2]  Based on this testimony, Defendant argues that the entire amount of fees sought for Dr. Levitt should be excluded because his testimony was not relevant to the issues of this case.  See Response [D.E. 282 at 15].  The undersigned agrees.  Given Dr. Levitt's admitted lack of expertise regarding Helms-Burton, his testimony regarding international terrorism was not relevant to the issue of whether Defendant trafficked Plaintiff's property in violation of the Helms-Burton Act.  FCOA,

---

[2] The page citation [D.E. 178-24 at __ ] is to the transcript pages rather than the court record pages.  The undersigned notes that, although Dr. Levitt's Deposition Transcript was filed under seal, the quoted passage does not disclose any confidential information.

12

2019 WL 1318361, at *1 (when determining a reasonable expert fee, the court should consider the witness's area of expertise, the nature of the discovery sought, and any other factor that balances the parties' interests). Therefore, Plaintiff is not entitled to recover expert deposition fees for Dr. Levitt.

### 8. Dr. Lori Wolin ("Dr. Wolin")

For Dr. Wolin, Plaintiff seeks to recover 7.32 hours of deposition time, 3.5 hours for preparation time, and 6 hours for review, at an hourly rate of $480. Dr. Wolin holds a Ph.D. in marketing and "specializes in real estate, constructions, and insurance claim matters. Her testimony concerned the fair market value appraisal" of real estate in Cuba pertinent to the case. Id. at 16. Defendant argues that Dr. Wolin's hourly rate is excessive because it is "higher than the range of $190-$295 deemed reasonable for expert appraisal hourly rates" and proposes that, should the Court enter a fee award for Dr. Wolin, her hourly rate be reduced to $190. See Response [D.E. 282 at 16–17]. However, having reviewed the parties' arguments, the scope of Dr. Wolin's testimony, and her experience and expertise, the undersigned finds that her hourly rate of $480 is reasonable under these circumstances. FCOA, 2019 WL 1318361, at *1 (when determining a reasonable expert fee, the court should consider the witness's area of expertise, the nature of the discovery sought, and any other factor that balances the parties' interests).

With respect to Dr. Wolin's 7.32 hours of deposition time, the undersigned finds these hours to be fully compensable, inclusive of breaks. See Auto. Rentals, Inc., 2012 WL 12854841, at *1. Moreover, Defendant does not oppose Dr. Wolin's 3.5 hours of preparation time. See Response [D.E. 282 at 17]. However, with respect to her 6 hours for reviewing her 261-page transcript and preparing an errata sheet, the undersigned finds that time excessive and reduces it to Defendant's proposed amount of 3.3 hours. Id.

Thus, Plaintiff is entitled to recover for Dr. Wolin 7.32 hours of deposition time, 3.5 hours of preparation time, and 3.3 hours of review time, at a rate of $480, for a total expert deposition fee of $2,682.80.

### 9. Dr. Jose Alberro ("Dr. Alberro")

For Dr. Alberro, Plaintiff seeks 8.37 hours of deposition time and 15 hours of preparation time, at an hourly rate of $950.  See Motion [D.E. 379 at 9].  Dr. Alberro is an economist in the field of applied economic and financial modeling and provided testimony regarding the approximate value of a concession to operate a container terminal at the Port of Mariel in support of Plaintiff's damages claim.  Id.  Defendant argues that the fee request for Dr. Alberro should be denied in full because Plaintiff failed to support her claim for fees as to this expert.  See Response [D.E. 282 at 18].  For the reasons previously discussed, the undersigned declines to adopt this wholesale denial argument and turns to the issue of reasonableness.

Defendant argues that Dr. Alberro's hourly rate is excessive and should be reduced from $950 to $375.  Id. at 19.  Plaintiff offers no persuasive explanation for Dr. Alberro's high hourly rate.  Therefore, having reviewed Dr. Alberro's credentials, scope of testimony, and applying her experience and expertise, the undersigned agrees that Dr. Alberro's hourly rate of $950 is unreasonable and reduces it to $500.  FCOA, 2019 WL 1318361, at *1 (when determining a reasonable expert fee, the court should consider the witness's area of expertise, the nature of the discovery sought, and any other factor that balances the parties' interests).

For the reasons previously discussed, Dr. Alberro's 8.37 hours of deposition time, inclusive of breaks, is compensable.  However, the undersigned finds that Dr. Alberro's 15 hours of preparation time for an 8.37-hours long deposition is excessive and adopts Defendant's proposed proportional reduction to 9.71 hours.  See, e.g., GWTP Invs., L.P. v. SES Americom, Inc., No.

14

3:04-CV-1383, 2007 WL 9712172, at *3 (N.D. Tex. Jan. 30, 2007) (finding 17.5 hours of preparation time for an 8.4 hour deposition "excessive" where the deposition "was meant to elicit [the expert's] opinions concerning the valuation of the [particular assets], a subject upon which he had already performed a great deal of research and upon which he had recently prepared an extensive report"), report and recommendation adopted as modified, 2007 WL 9712173 (N.D. Tex. Feb. 14, 2007).

Accordingly, Plaintiff is entitled to recover for Dr. Alberro 8.37 hours of deposition time and 9.71 hours of preparation time, at an hourly rate of $500, for a total expert deposition fee of $9,040.00.

**10. Scott Edmonds ("Mr. Edmonds")**

Defendant does not challenge Plaintiff's geography and cartography expert, Mr. Edmonds, who billed $230.00 per hour for his 7.10-hour deposition, for a total of $1,633.00 in fees. See Motion [D.E. 282 at 6]. Thus, Plaintiff is entitled to recover for Mr. Edmonds a total expert deposition fee of $1,633.00.

Applying the foregoing reductions results in the following expert fees computation:

| **Experts** | **Requested ($)** | **Allowed ($)** |
|---|---:|---:|
| Attorney Hutner | 8,005.83 | 4,850.00 |
| Attorney Jacobson | 4,331.67 | 0 |
| Dr. Suchlicki | 2,000.00 | 2,000.00 |
| Dr. Rodrigue | 5,593.50 | 4,200.00 |
| Attorney Tamargo | 11,506.25 | 5,575.00 |
| Ambassador Sales | 8,458.33 | 2,075.00 |
| Dr. Levitt | 4,455.00 | 0 |
| Dr. Wolin | 8,073.60 | 6,777.60 |
| Dr. Alberro | 22,198.33 | 9,040.00 |
| Mr. Edmonds | 1,633.00 | 1,633.00 |
| TOTAL: | 76,255.51 | 36,150.60 |

## RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Expert Fees [D.E. 279] be GRANTED IN PART, and that Plaintiff be awarded $36,150.60 in expert deposition fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 13th day of March, 2023.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Beth Bloom
        Counsel of Record