UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

ODETTE BLANCO DE FERNANDEZ *née*
BLANCO ROSELL,

    Plaintiff,
v.

SEABOARD MARINE, LTD.,

    Defendant.
_____/

## ORDER ON MOTION TO INTERVENE

**THIS CAUSE** is before the Court upon the Consolidated Motion and Memorandum of Law to Intervene, ECF No. [303] ("Motion"), filed by non-parties Crowley Holdings, Inc., Crowley Maritime Corp., Crowley Liner Services, Inc., Crowley Latin America Services, LLC, Crowley Logistics, Inc., MSC Mediterranean Shipping Company S.A., Mediterranean Shipping Company (USA) Inc., CMA CGM S.A., and CMA CGM (AMERICA) LLC ("Intervenors"), on March 27, 2023. Plaintiff Odette Blanco De Fernandez née Blanco Rosell ("Plaintiff") filed an "Agreed Response in Opposition." ECF No. [327]. Intervenors filed a Consolidated Reply. ECF No. [332]. Plaintiff filed a Motion to File a Sur-Reply.[1] ECF No. [333]. The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Intervenor's Motion is granted, and Plaintiff's Motion to File a Sur-Reply is denied.

---

[1] The purpose of the requested Sur-Reply is to correct a misstatement by Intervenors and clarify that Defendant joins Plaintiff in opposing intervention. The Court surmised as much from Plaintiff's "Agreed Response in Opposition." ECF No. [327].

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

## I. BACKGROUND

On December 20, 2020, Plaintiff initiated this action against Defendant Seaboard Marine, Ltd. ("Defendant") to recover damages and interest under the Helms-Burton Act for trafficking in property confiscated by the Cuban Government. *See* ECF No. [1]; *see also* ECF No. [45] ("Amended Complaint"). According to the Amended Complaint, Plaintiff and her four siblings (collectively, "Blanco Rosell Siblings") owned various corporations and assets in Cuba that were confiscated by the Cuban Government in 1960. *See* ECF No. [45] ¶¶ 4, 14, 66. Plaintiff, the estates of the four Blanco Rosell Siblings, and the descendants of the four Blanco Rosell Siblings sought to hold Defendant liable under for "trafficking" in the Confiscated Property. *See* 22 U.S.C. § 6082(a)(1)(A).

On July 27, 2021, the Court dismissed the claims of the estates and heirs of Plaintiff's deceased brothers, leaving Plaintiff as the sole plaintiff in this case. ECF No. [66] ("Motion to Dismiss Order"). On August 19, 2022, the Court granted summary judgment in favor of Defendant in a 37-page Order. ECF No. [268] ("Summary Judgment Order"); ECF No. [270] ("Final Judgment").

Plaintiff appealed the Summary Judgment Order and Final Judgment, and the heirs of Plaintiff's deceased brothers appealed the Court's Motion to Dismiss Order. ECF No. [271]. The Appeal is pending before the Eleventh Circuit Court of Appeals, Case No. 22-12966.

On September 28, 2022, the Eleventh Circuit scheduled the Appeal for mandatory mediation. ECF No. [302-1]. During mediation, the parties reached a settlement agreement that is expressly conditioned upon this Court vacating the Summary Judgment Order and Final Judgment. ECF No. [302] at 3.

Accordingly, on March 24, 2023, Plaintiff filed before this Court an Agreed Motion to Vacate Summary Judgment and Final Judgment. ECF No. [302] ("Motion to Vacate"). Therein, Plaintiff, with Defendant's agreement, requests that the Court issue an Order indicating that the Court intends to vacate its Summary Judgment Order and Final Judgment, so that the parties can petition the Eleventh Circuit to remand for that purpose. *Id*. at 4 (citing Fed. R. Civ. P. 60(b)).

Intervenors filed their Motion three days later. *See* ECF No. [303]. Therein, Intervenors request leave to intervene for the limited purpose of opposing the Motion to Vacate. They argue that their request to intervene should be granted as of right under Fed. R. Civ. P. 24(a) because they have a protectable interest due to the Summary Judgment Order's preclusive effects in other cases in which Intervenors are defendants. *Id.* at 10. In the alternative, Intervenors request permissive intervention pursuant to Rule 24(b). *Id*. at 17.

In opposition, Plaintiff argues that Intervenors have no right to intervene because the potential preclusive effect of this Court's Summary Judgment Order is not a cognizable interest that would support Rule 24(a) intervention. ECF No. [327] at 4. Plaintiff further opposes permissive intervention under Rule 24(b) because such intervention would substantially prejudice the parties. *Id*. at 9.

## II.     LEGAL STANDARD

"Under Federal Rule of Civil Procedure 24, a party may seek to intervene of right or with the permission of the district court." *Loyd v. Ala. Dep't of Corrs.*, 176 F.3d 1336, 1339 (11th Cir. 1999) (footnote call numbers omitted). "A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4)

3

his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. State of Ga.*, 19 F.3d 1388, 1393 (11th Cir.1994).

As for permissive intervention, "[p]ermissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)). "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991)).

### III. DISCUSSION

#### A. Rule 24(a)

The Court begins with Intervenors' Motion to intervene as of right under Rule 24(a). Intervenors argue that their Motion is timely because it was filed "the very next business day after" the Motion to Vacate was filed. ECF No. [303] at 10. They further assert that (1) they have a protectable interest in the preclusive effect of the Court's Summary Judgment Order, (2) vacatur will impair their ability to rely on the that Order's preclusive effect, and (3) their interest is not represented by the existing parties in this case, both of whom seek vacatur. *See generally id.*

Plaintiff does not dispute the timeliness of Intervenors' Motion, nor does Plaintiff dispute that vacatur of the Summary Judgment Order will impair Intervenors' ability to protect their interests. *See generally* ECF No. [327]. Plaintiff's primary argument is that Intervenors' interest in the preclusive effect of the Summary Judgment Order is not a cognizable interest under Rule 24(a). *See generally id*. Plaintiff additionally argues that Intervenors have failed to assert an interest that is not adequately represented by the parties, because they have exclusively claimed to represent the "public interest." *Id.* at 8.

Three of the four Rule 24(a) factors are met. Given that the Motion was filed the very next business day after the Motion to Vacate was filed, the Motion is indisputably timely. Granting the Motion to Vacate will "impair" Intervenors' ability to protect their interest by eliminating any potential preclusive effect of the Court's Summary Judgment Order. *Chiles*, 865 F.2d at 1213. As for the fourth Rule 24(a) factor, Plaintiff misrepresents Intervenors' position when she states that Intervenors are relying solely on the "public interest" as the interest that is not adequately represented by the parties. ECF No. [327] at 8. While Intervenors certainly discuss the public interests at stake, they additionally assert their "own respective interests" in utilizing the Summary Judgment Order for preclusive purposes in the cases Plaintiff has brought against them. *See* ECF No. [303] at 13-14. Thus, they have a "particularized interest" at stake. *Chiles*, 865 F.2d at 1212 (citation omitted). The Court therefore concludes that the first, third, and fourth Rule 24(a) factors are met. *See Chiles*, 865 F.2d at 1213.

The key issue is whether Intervenors have demonstrated a protectable interest under Rule 24(a). "In determining sufficiency of interest," the Eleventh Circuit "requires that 'the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding.'" *Worlds*, 929 F.2d at 594 (quoting *Athens Lumber Co. v. Fed. Election Comm'n,* 690 F.2d 1364,

5

1366 (11th Cir.1982). "This interest has also been described as 'a direct, substantial, legally protectable interest in the proceedings.'" *Id*. (quoting *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970)).

Here, Intervenors assert an interest in the Summary Judgment Order's potential preclusive effect in separate cases Plaintiff has brought against them. ECF No. [303] at 2. Intervenors assert – and Plaintiff does not dispute – that Plaintiff's claims against Defendant and Intervenors are "based on the same legal and factual theory of 'trafficking' – that each carrier, shipping line, or shipping company trafficked in the 1955 Concession by using the Mariel Container Terminal ("TCM") on the west side of Mariel Bay[.]" *Id*. at 3. In the Court's Summary Judgment Order, the Court concluded that the 1955 Concession did not encompass the TCM, so Defendant's alleged use of the TCM did not constitute trafficking on Plaintiff's confiscated property. ECF No. [268] at 19-23. Accordingly, in the separate cases in which Intervenors are defendants,[2] Intervenors have asserted that "the doctrine of collateral estoppel . . . preclude[s] Plaintiff from asserting a property interest" in facilities that this Court determined were outside of the 1955 Concession. ECF No. [303] at 4. Vacatur of the Court's Summary Judgment Order will indisputably eliminate any potential preclusive effect of that decision. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (after decisions are vacated, "[t]hey have no legal effect whatever. They are void."). Indeed, Plaintiff does not dispute that eliminating the Summary Judgment Order's preclusive effect is precisely why she seeks vacatur. *See generally* ECF No. [327]; *see also* ECF No. [332] at 2 (Intervenors describing the Joint Motion to Vacate as a "'buy and bury' arrangement . . . to improve Plaintiff's footing in similar cases against other carrier defendants.").

---

[2] Those cases are Nos. 1:21-cv-22778 (S.D. Fla.), 1:21-cv-20443 (S.D. Fla.), and 1:22-cv-6305 (S.D.N.Y.).

Thus, the issue is whether Intervenors have a protectable interest to defend a judgment due to its potential preclusive effect in their cases. The Eleventh Circuit addressed a similar situation in *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508 (11th Cir. 1996). Given that it is the only Eleventh Circuit opinion that is closely on point, an extended discussion of *Purcell* is appropriate.

*Purcell* concerned a media company, ABC, which sought to intervene in a class action lawsuit against a group of defendants who allegedly violated federal securities laws. *Id.* at 1510. ABC had aired a television program about the defendants' actions that formed the basis of the class action lawsuit. *Id.* In response, the defendants initiated a separate lawsuit against ABC for libel. *Id*. Meanwhile, the class action lawsuit proceeded to trial, and the jury ultimately awarded judgment in favor of the plaintiffs. *Id*. While the appeal of the class action was pending, ABC moved for summary judgment in the separate libel lawsuit, "arguing that the collateral estoppel effect of the . . . jury verdict in the class action case precluded a judgment against ABC in the libel lawsuit." *Id*. The magistrate judge recommended granting summary judgment because "the jury's verdict in the class action case preclusively established the substantial truth" of ABC's reporting on defendants. *Id*. Meanwhile, the parties in the class action lawsuit on appeal reached a settlement that "was expressly conditioned upon" vacatur of the jury verdict and resulting judgment. *Id*. at 1510-11. ABC "moved to intervene in the class action for the purpose of opposing the vacatur of the jury verdict and judgment." *Id*. at 1511. The district court denied ABC's motion to intervene, approved the settlement agreement, and vacated the jury verdict and final judgment. *Id*.

On appeal, the Eleventh Circuit considered whether ABC's interest in the preclusive effect of the jury verdict in its libel case constituted a sufficient interest to justify intervention as of right under Rule 24(a). *Id.* at 1512. The *Purcell* court concluded in the negative. It reasoned that "ABC's

interest in the collateral estoppel effect of the jury's verdict . . . is too collateral, indirect, and insubstantial to support intervention as of right." *Id*. at 1513. "Broadening the right of intervention to cover the circumstances [described above] would not only be unprecedented, it would also run counter to the public policy values that are furthered by permitting parties to settle a case without the interference of interlopers." *Id*.

The Court agrees with Plaintiff that the instant case is not meaningfully distinguishable from *Purcell*. *See* ECF No. 4-6. In *Purcell*, ABC unquestionably had an interest in opposing vacatur of the jury verdict in the class action lawsuit as the preclusive effect of that verdict would likely have resulted in ABC winning summary judgment in the separate libel lawsuit. *Id*. at 1512. Similarly, Intervenors here have an interest in opposing vacatur of the Court's Summary Judgment Order, because findings within that Order – especially findings regarding the geographic scope of the 1955 concession to Plaintiff – will potentially have preclusive effect in the separate lawsuits Plaintiff has brought against Intervenors. *See* ECF No. [303] at 12. However, given the *Purcell* court's conclusion that ABC's "interest in the collateral estoppel effect of the jury's verdict" in the class action lawsuit was "too collateral, indirect, and insubstantial to support intervention as of right[,]" the Court does not see how these Intervenors' collateral interest is any stronger. *Purcell*, 85 F.3d at 1513.

Intervenors argue that the outcome of *Purcell* would have differed if ABC had a more "direct" interest in the class action lawsuit. ECF No. [303] at 11. They argue that Intervenors in this case have such a direct interest because Defendant and Intervenors "are each litigating claims brought by the 'very same' Plaintiff under the 'very same' statute based on the 'very same' trafficking theory premised on the 'very same' property ownership claims and essentially identical transactions[.]" ECF No. [303] at 12.

Intervenors are correct that *Purcell* does not foreclose intervention as of right based on potential collateral estoppel effects. A subsequent Eleventh Circuit decision confirmed, albeit in dicta, that "[u]nder certain circumstances . . . a nonparty seeking intervention may assert the potential collateral estoppel effects of a judgment as an 'interest' sufficient to warrant intervention under Rule 24(a)." *In re Bayshore Ford Truck Sales*, 471 F.3d 1233, 1248 n.32 (11th Cir. 2006). However, *Purcell* indicates that those "circumstances" are limited to those in which the intervenors are "real parties in interests as to the transactions" at issue in the case in which they intend to intervene. *Purcell*, 85 F.3d at 1513; *see also id.* ("by contrast, ABC is not a real party in interest as to the transactions that are the subject of the class action lawsuit"); *Chiles*, 865 F.2d at 1214 ("Where a party seeking to intervene in an action claims an interest in the very property **and very transaction** that is the subject of the main action, the potential *stare decisis* effect may" support "intervention as of right." (emphasis added; citation omitted)).

Here, Intervenors are not real parties in interest "as to the transactions that are the subject" of Plaintiff's case against Defendant. *Id*. at 1513. Intervenors were not involved in Defendant's alleged trafficking on Plaintiff's purported property. Rather, Plaintiff is suing Intervenors for *separate* instances of trafficking on that property. Issues decided in the Court's Summary Judgment Order, especially the geographic scope of Plaintiff's property, are unquestionably relevant – and potentially preclusive – in the cases between Plaintiff and Intervenors. However, *Purcell* teaches that such common issues of fact do not constitute a protectable interest to support intervention as of right under Rule 24(a).

In their Reply, Intervenors direct the Court to *Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004), in which the Eleventh Circuit reversed a district court's denial of a Rule 24(a) motion. *Stone* was an age discrimination case brought by a single employee against a bank that

allegedly instituted "a plan whereby older employees were demoted or subject to other adverse employment actions." *Id.* at 1307. One hundred and sixty other bank employees joined when the action was class certified, but they were dismissed when the district court decertified the class. *Id*. The district court denied those employees' subsequent Rule 24(a) motion to intervene. *Id*. The Eleventh Circuit reversed the district court, reasoning as follows:

> Although the potential for negative stare decisis effects does not automatically grant plaintiffs the right to intervene, the practical impairment the plaintiffs may face here is significant. The plaintiffs are all alleging that the same First Union policy violated the ADEA and led to their injury. Consequently, one court's ruling on whether the bank's policy, as a matter of law, was in violation of the ADEA could influence later suits. Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects. We find that these effects are sufficiently significant to warrant intervention.

*Id.* at 1310. In short, *Stone* stands for the proposition that a right to intervene exists when the plaintiff and the intervenors "challenge a single, company-wide policy about compensation[.]" *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1304 (11th Cir. 2008).

For two reasons, the Court is unpersuaded by Intervenors' reliance on *Stone*. First, the bank in *Stone* conceded the second Rule 24(a) factor – that the intervenors had "an interest in the litigation." 371 F.3d 1309. The dispute on appeal was primarily whether their interests "were impaired or impeded by Stone's individual litigation." *Id*. Thus, the key factor at issue here – the existence of a protectable interest – was not squarely before the *Stone* court.

Second, the circumstances here are not analogous to those in *Stone*. The Intervenors' cases and the present case are not challenging a single defendant's illegal policy. These circumstances are closer to those within *Fox*, a Fair Labor Standards Act case in which employees attempted to intervene in the named plaintiff's case to litigate similar claims concerning the employer's decisions not to pay employees for time spent while "donning and doffing" gear. *Fox*, 519 F.3d at

1300. The intervenors' potential cases and the main case shared the same defendant employer, the same cause of action, and similar claims related to unpaid "donning and doffing." *Id*. at 1304. Nonetheless, the *Fox* court held that there was no intervention as of right. *Id*. The *Fox* court distinguished *Stone* in that there was no "company-wide policy" being challenged in *Fox* and concluded that the existence of similar or even identical factual issues were insufficient to establish a protectable interest for intervenors. *Id*. at 1304. Similarly, Intervenors' cases and the present case involve separate and unrelated instances of alleged trafficking by different companies at different times. Those distinctions lead the Court to conclude that, as in *Fox*, the similarities between the cases are insufficient to establish intervention as of right.

Nor is the Court persuaded by Intervenors' reliance on *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1167 (9th Cir. 1998), which contains a single paragraph discussing an intervenor's standing to appeal a district court's vacatur. Whether the intervenor had a Rule 24(a) right to intervene in the first place was not addressed in the *American Games* decision. *Id.* Nor does the opinion reveal whether intervention was granted as of right under Rule 24(a) or permissively under Rule 24(b). *Id*.

Lastly, Intervenors assert that Rule 24(a)'s plain text supports intervention because it requires a court to permit intervention to anyone who "(2) claims an interest relating to the property or transaction that is the subject of the action[.]" Fed. R. Civ. P. 24(a). Intervenors assert that they are defending lawsuits involving "the same property in Cuba, premised on the same theories of 'trafficking' in that subject property." ECF No. [332] at 6 (emphases omitted). The present issue is not whether Intervenors' cases relate to Plaintiff's former property in Cuba – they plainly do. Rather, the issue is whether the Intervenors' "interest" is sufficient to justify intervention as of right. The plain text of Rule 24(a) does not define what constitutes "an interest," but binding

11

Eleventh Circuit precedent establishes that the interest must be "direct, substantial, [and] legally protectable," *World*s, 929 F.2d at 594 (quotation marks omitted), as opposed to "collateral, indirect, and insubstantial[.]" *Purcell*, 85 F.3d at 1513.

Accordingly, the Court concludes that Intervenors do not have a right to intervene in this case.

### B. Rule 24(b)

The Court turns to permissive intervention under Rule 24(b). "Permissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley*, 425 F.3d at 1312 (quotation marks omitted). Here, it is undisputed that this case and Intervenors' cases share "question[s] of law or fact in common." *Id.* Plaintiff argues that intervention "would both delay proceedings and prejudice the parties' rights." ECF No. [327] at 9.

Beginning with "delay," the fact that intervention will cause *some* delay does not require denial of a Rule 24(b) motion. "Every proposed intervention necessarily involves some degree of delay[.]" *Worlds*, 929 F.2d at 595. Here, the delay will be slight to allow the parties to brief the Motion to Vacate. That delay is inconsequential compared to the overall length of this case and the interests at stake. The Court concludes that intervention will not "unduly delay . . . the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Turning to prejudice, Plaintiff is correct that intervention will prejudice the parties in this case. *Purcell*, 85 F.3d at 1514. Those parties are aligned in their desire to vacate the Summary Judgment Order, so Intervenors' interest in opposing vacatur "is the converse" of the parties' interest. *Id*. However, Intervenors persuasively argue that if the existence of *any* prejudice

12

necessarily required denial of a Rule 24(b) motion, "then Rule 24(b) would allow intervention only for duplicative 'me too' filings echoing the views of existing parties." ECF No. [332] at 8.

Rather, the determinative issue is whether the prejudice is "undu[e]." *Mt. Hawley*, 425 F.3d at 1312 (quotation marks omitted). Given that the evident purpose of the Motion to Vacate is to prejudice Intervenors' interests in separate cases, the Court concludes that the prejudice to the parties in these circumstances is not "undu[e]," but rather a direct result of Plaintiff's collateral attack on Intervenors' interests. *Id.* In these circumstances, the parties are not "unduly prejudiced" by the Court granting Intervenors an opportunity to explain why the Summary Judgment Order should be preserved. *Id.*

Contrary to Plaintiff's argument, ECF No. [327] at 9, *Purcell* does not require the Court to deny permissive intervention. The *Purcell* court found that intervention necessarily prejudices the parties in the main case because those parties' interest "is the converse of" the intervenor's. 85 F.3d at 1514. The *Purcell* court went so far as to call the prejudice to the parties "substantial[ ]." *Id.* Crucially, however, it did not hold that the prejudice was undue, nor did it hold that the prejudice to the parties *required* the district court to deny ABC's Rule 24(b) motion. As the *Purcell* court made clear, it was not determining whether the district court was *obligated* to deny ABC's Rule 24(b) motion, but rather evaluating the district court's decision under the highly deferential abuse of discretion standard. 85 F.3d at 1513-14. Therefore, the *Purcell* court's affirmance of the district court's denial of a Rule 24(b) motion does not compel the Court to reach the same decision here.

The Court concludes that Intervenors' cases and the present case share "common question[s] of law or fact," Rule 24(b)(1)(B), and intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3). Given Intervenors' clear interest in

13

preserving the Summary Judgment Order and the fact that neither of the parties share that interest, Intervenors' perspective will assist the Court in "resolv[ing] the issue" of whether the Motion to Vacate should be granted. *Mt. Hawley*, 425 F.3d at 1312. The Court therefore exercises its discretion to grant permissive intervention.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Allow Sur-Reply**, ECF No. [333]**, is **DENIED**.

2. The Intervenors' Motion to Intervene, **ECF No. [303]**, is **GRANTED.**

3. Non-parties Crowley Holdings, Inc., Crowley Maritime Corp., Crowley Liner Services, Inc., Crowley Latin America Services, LLC, Crowley Logistics, Inc., MSC Mediterranean Shipping Company S.A., Mediterranean Shipping Company (USA) Inc., CMA CGM S.A., and CMA CGM (AMERICA) LLC may intervene **for the limited purpose of opposing the Motion to Vacate**, ECF No. [302].

4. Intervenors shall file a Joint Response in Opposition to the Motion to Vacate **on or before May 9, 2023**.

5. Plaintiff (and Defendant, if it chooses to join) may file a Reply to the Intervenors' Response within 7 days after the Response is filed.

Case No. 20-cv-25176-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record